JOHN M. PEARSON *et al.*

*v.*

CHRISTIAN ZEHR.

*Filed at Springfield September 27, 1888.*

1. APPEAL—*whether the validity of a statute is involved.* An appeal lies from the trial court directly to this court when the validity of a statute is the primary inquiry. It is not enough that merely the proper construction of the statute is involved.

2. In trespass, for breaking the plaintiff's close and killing his horses, the defendants justified their acts under the statute creating the board of live stock commissioners. The plaintiff replied that the acts of which he complained were not such as are contemplated by that statute, but were acts done in excess of any authority it confers, on which replication issue was joined, and a trial was had, resulting in a judgment for the plaintiff: *Held,* on appeal from that judgment, by the defendants, that under the issue the validity of the statute was not involved, but, at most, only its construction.

3. If the plaintiff had demurred to the plea setting up the statute, or had objected to the introduction of evidence under the statute, and the court had decided against him, and he had excepted to the ruling and assigned cross-errors, the validity of the statute would have been involved on the defendant's appeal, and the appeal could have been brought directly to this court.

4. PRACTICE—*in what case objection must be made.* A constitutional provision designed solely for the protection of the property rights of the citizen, may be waived by him; and hence if he, at the time, makes no objection to a ruling depriving him of such right, he can not afterward assign such ruling for error.

5. PRACTICE IN THE SUPREME COURT—*disregarding certain errors assigned—cross-errors, when necessary.* An appellate court, although proper exceptions have been taken to the rulings of the trial court, and errors are properly assigned, may disregard certain errors, upon the ground that they would have been immaterial had the court properly ruled on other questions; but in such case it is indispensable that cross-errors be assigned in regard to the rulings on the other questions.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Tazewell county; the Hon. N. W. GREEN, Judge, presiding.

Christian Zehr brought an action of *trespass quare clausum fregit* against John M. Pearson and others, in the circuit court of Tazewell county, for breaking and entering his close, with force and arms, and killing certain horses and destroying certain harness of the plaintiff. The defendants pleaded not guilty, and three special pleas, justifying as live stock commissioners, etc., and averring that they used no more force than was necessary, etc. The plaintiff demurred to each of the special pleas, and set out cause of special demurrer. The court sustained the demurrers, and the defendants had leave to plead over. They then filed three amended special pleas, and plaintiff thereupon replied, tendering issues of fact thereon. The defendants demurred to the replications, but the court overruled the demurrers, and the defendants had leave to rejoin. They then joined issue on the replications. The jury returned a verdict finding the defendants guilty, and assessing the plaintiff's damages at $2100. The defendants then moved the court for a new trial, and assigned the following reasons therefor: First, the court admitted, on the trial, improper evidence on the part of the plaintiff, against the exception and objection then and there taken thereto by the defendants; second, the court refused to admit proper evidence offered by the defendants, against the exceptions then and there taken by the defendants to the ruling and action of the court; third, the court gave to the jury improper instructions on the part of the plaintiff, against the objection and exception then and there entered and taken by the defendants thereto; fourth, the court refused to give to the jury proper instructions offered by the defendants, against the objection and exception of the defendants then and there taken to such refusal on the part of the court; fifth, the court improperly modified certain instructions offered by the defendants, against the exception then and there taken thereto by the defendants; sixth, the verdict is contrary to the law and the evidence in the case; seventh, the damages allowed by the jury in their verdict are excessive. But the court over-

ruled the motion, and gave judgment upon the verdict of the jury. The defendants thereupon appealed to the Appellate Court for the Third District, and in that court they assigned the following errors : The circuit court erred, "first, in admitting improper, incompetent and irrelevant evidence offered by the appellee; second, in refusing to admit proper, competent and relevant evidence offered by appellants; third, in giving to the jury, at the instance of the appellee, improper instructions; fourth, in refusing to give to the jury, at the instance of the appellants, proper instructions prayed by them; fifth, in improperly modifying proper instructions prayed by appellants; sixth, in overruling the motion of the appellants for a new trial; seventh, in rendering a judgment against the appellants upon the said verdict, the said verdict being for an excessive amount of damages; eighth, in not setting aside the said verdict." No cross-errors were assigned on behalf of appellee.

The Appellate Court held that the validity of a statute was involved in the decision of the case, and therefore dismissed the appeal. The present appeal is prosecuted to reverse that judgment.

Messrs. JOHN M. & JOHN MAYO PALMER, for the appellants.

Mr. B. S. PRETTYMAN, Sr., and Mr. W. R. CURRAN, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The substance of this record, as we understand it, may be briefly stated thus: An action of trespass *qu. cl.* is brought against the defendants for entering the plaintiff's close, and with force and arms killing his horses and destroying his harness. The defendants justify under the statute creating the board of live stock commissioners. Plaintiff, in effect, replies that the breaking and entering and destruction of property by the defendants, of which he complains, are not such as are

contemplated by that statute, but that they are acts done in excess of any authority it confers. The defendants join issue on that replication, and the jury find for the plaintiff. It is true there were, previously to the formation of this issue, demurrers by the plaintiff to former pleas of the defendants, but those were decided in favor of the plaintiff, and no errors were assigned, in the Appellate Court, on such rulings. It is not claimed that any error assigned in the Appellate Court questioned any ruling of the circuit court upon the validity of the statute. The rulings of the trial court, and the concession of the plaintiff in his, replications, are, that the statute is valid. At most, all that is questioned by the assignment of errors is the construction of the statute, but that is no ground for jurisdiction in this court in the first instance. (*Gross* v. *The People ex rel.* 95 Ill. 366.) The language of the statute is, "involving * * * the validity of a statute," and we said of this language, in *City of Cairo* v. *Bross*, 99 Ill. 524: "As we understand it, the statute was intended to apply only where the validity of a statute, as originally passed, is the primary inquiry." The plaintiff saved no exceptions and assigned no cross-error in respect to rulings upon the statute.

It is quite apparent that the validity of the statute might have been involved in this suit, as, for instance, if the plaintiff had demurred to the plea setting up the statute, or had objected to the introduction of evidence under the statute, and the court having decided against him, he had excepted to the ruling and assigned it as a cross-error. But a constitutional provision designed for the protection, solely, of the property rights of the citizen, may be waived by the citizen. (Cooley's Const. Lim. 1st ed. 181.) And hence, if a party, at the time, make no objection to a ruling depriving him of such right, he can not afterwards assign it for error. (*Hill* v. *Ward*, 2 Gilm. 285.) Undoubtedly, an appellate court, where proper exceptions have been taken and errors are properly assigned, may disregard certain errors, upon the ground that they would have

been immaterial had the court properly ruled on other ques-tions; but in such cases it is indispensable that cross-errors be assigned in regard to the rulings on the other questions. *Dickson* v. *Chicago, Burlington and Quincy Railroad Co.* 81 Ill. 215; *The People ex rel.* v. *Brislin,* 80 id. 423.

The judgment of the Appellate Court dismissing the appeal for want of jurisdiction is reversed, and the cause is remanded to that court with directions that it proceed to hear and decide the questions arising upon the errors assigned.

*Judgment reversed.*