(No. 25798.—

Henry Susemiehl, Admr., Appellant, *vs.* The Red River Lumber Company *et al.*—(The Red River Lumber Company, Appellee.)

*Opinion filed February 14, 1941—Rehearing denied April 8, 1941.*

SEARS, O'BRIEN & STREIT, for appellant.

CASSELS, POTTER & BENTLEY, (RALPH F. POTTER, KENNETH B. HAWKINS, and BARRY GILBERT, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

Appellant's intestate was injured on September 7, 1938, in Kane county, in an automobile collision, and died as a result of the injuries sustained, on October 31, 1938. The administrator commenced one suit to recover under the Injuries act for loss resulting to decedent's next of kin. A second suit was started by the administrator under the Survival statute to recover medical and hospital expenses incurred by the deceased between the date of the accident and the date of death, and also to recover for wages lost, funeral expenses, and damages for pain and suffering. The appellee filed a motion to dismiss the action under the Survival statute setting forth that another action was pending for the wrongful death and that that suit gave to plaintiff his sole and exclusive remedy. The trial court sustained the motion and gave judgment for the defendants. The Appellate Court affirmed the judgment and the case is before us on leave to appeal granted.

The question presented is whether the administrator of a person who is injured by the negligence of another

and later dies as a direct and proximate result of the same negligent injury, can maintain two actions as administrator, one on behalf of the next of kin to recover damages occasioned by the wrongful death, and another for damages alleged to have been sustained by the deceased prior to his death.

Beginning with the case of *Holton* v. *Daly,* 106 Ill. 131, and continuing to the present time, this court has been committed to the doctrine that if death results from the injuries sued for, the suit of the injured person abates and cannot be further prosecuted. We have construed the Injuries act to apply to all those cases in which the injuries resulted in death, and the Survival statute to apply to those cases in which death resulted from some other cause. The appellant argues with much force, and with numerous authorities from other jurisdictions, that the rule of *Holton* v. *Daly, supra,* should be overruled and that decisions from other jurisdictions having similar statutes should be followed.

It is true, as the appellant argues, that some other jurisdictions have arrived at a different result. However, the rule of *Holton* v. *Daly, supra,* has been the interpretation of the law in Illinois for nearly sixty years. It has been followed in this court at least ten times, many more times than that in the Appellate Courts and in an unknown and unknowable number of cases in the trial courts of this State. If that rule is to be changed at this time, it must be accomplished by a legislative enactment; this court must adhere to the rule of *stare decisis.* The trial court and the Appellate Court correctly interpreted the law as it exists in Illinois, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*