Myrtle Thompson, Plaintiff-Appellant, v. City of Bushnell, Defendant-Appellee.

Gen. No. 9,821.

Opinion filed March 11, 1952. Rehearing denied April 30, 1952. Released for publication April 30, 1952.

BLACK, BLACK & BORDEN, of Peoria, BRIAN & WILSON, of Toulon, and T. OTIS BROWN, of Bushnell, for appellant.

LYBARGER & COLLINS, of Bushnell, and VAUGHT, ROBINSON & FOREMAN, of Jacksonville, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

Myrtle Thompson, plaintiff-appellant, filed her suit against the City of Bushnell, a municipal corporation, to recover medical, hospital and nursing expenses furnished her deceased husband prior to his death, and funeral expenses, as a result of the injuries allegedly caused by the negligence of the defendant. On motion, the trial court dismissed the complaint for failure to state a cause of action. Plaintiff elected to stand on Counts 1 and 2 as amended but not as to Count 3.

Judgment was entered for costs and this appeal follows.

The complaint alleges that Herman Thompson, deceased husband of plaintiff Myrtle Thompson, died February 23, 1950, as a result of a gas explosion in their home on July 9, 1948, further charging that such explosion resulted from the seepage of gas caused by the neglect of the defendant and that the gas mains were owned and operated by said city. Although the order of the trial judge dismissing the complaint for failure to state a cause of action does not state specifically whether the order was entered because of the failure to properly set up a negligence count or whether it was because plaintiff, in her capacity as a widow, had no right to bring this particular action for the particular type of damages claimed, inasmuch as the defendant has confined his argument to the latter question, this opinion will relate only to such.

The cause of action of plaintiff is predicated upon her liability under chapter 68, paragraph 15, Illinois Revised Statutes 1947 [Jones Ill. Stats. Ann. 64.15] (Husband and Wife) as follows:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

Neither party has cited any Illinois case wherein the facts are similar to the instant one and the argument of defendant chiefly refers to cases under the Injuries Act wherein the recovery of damages is limited to the pecuniary damages to the widow and next of kin resulting from death and does not include any recovery for any medical or other expenses attending the injury, by reason of which such citations are not pertinent. (*Ohnesorge v. Chicago City Ry. Co.*, 259 Ill. 424.)

Neither plaintiff nor defendant has cited any Illinois case in point other than that of *Nixon v. Ludlam,* 50 Ill. App. 273, in which case the opinion was filed June 14, 1893, being, of course, subsequent to the adoption of the Injuries Act of 1853. This was an action to recover damages suffered by a plaintiff, husband, for loss, among other things, due to expenses incurred in and about the treatment of his said wife and her burial in consequence of the alleged unskillful performance by the defendant, a surgeon, wherein the wife's death followed a surgical operation. The court, after holding that the surviving husband could not maintain an action for damages accruing subsequent to and in consequence of the death, and that any such right of action is confined by the statute to the personal representative, states as follows, "He is not, however, debarred either at common law or by the statute, from a recovery for those damages which accrued prior to the death. Indeed his right of recovery for all damages accruing to him before the death is well recognized, and his right of action for such damages does not abate by her death."

In the case of *Hansen v. Hayes,* 175 Ore. 358, 154 P. (2d) 202, the Supreme Court of Oregon dealt with the question as to whether or not a plaintiff widow could recover for medical and funeral expenses for which she became liable in connection with the injury and death of her husband, which expenses were rendered necessary by the negligent act of the defendant. The court stated, "Having concluded that by reason of the family expense statute the plaintiff became liable for the amount of her husband's medical and funeral expenses and that the negligence of the defendant was the proximate cause of direct damage to the plaintiff in the amount of such expenses paid by her, it would seem to follow that he should respond in damages on the general principles of the law of torts, not for a

wrong done to the deceased, but for the direct damage to the plaintiff. Although there are some authorities to the contrary, the general rule appears to be as follows: 'In actions for injury to the person, necessary and reasonable expenses for medical attention, medicine, and nursing may be recovered for, and this rule applies to expenses which may have been incurred because of injuries to a person for whom plaintiff is legally responsible.' (17 C. J. Damages, Sec. 128, p. 801; 25 C. J. S., Damages, Sec. 47, Subd. b, p. 526)." The Oregon court continued by stating, "Since the statutory liability of the wife for the husband's medical and funeral expense is similar to the common law liability of a husband for such expense incurred for the wife, we find a persuasive analogy in the authorities which permit the husband to recover against the negligent tort-feasor for expense caused him by the injury of the wife. . . . Excluding from our consideration any question relative to the effect of the death statute and the action which was brought under it, we think the better reasoned authorities would sustain the right of the wife in the case at bar to recover for both medical and funeral expense. The latter is as directly and proximately caused by the defendant as is the former, and if the defendant is responsible on the theory of a tort committed against the wife in subjecting her to liability for the hospital expense, he is also liable upon the same theory in subjecting her to liability for the funeral expense. . . . In the case at bar there is a relevant statute, the Family Expense Law, and by virtue of it the loss imposed upon the wife for expenses was not consequential, but is direct and in view of the present status of married women, we know of no rule of public policy which, under the present circumstances, should deny recovery to her while granting it in the parallel case of action by a husband."

355

It is the opinion of the court that the complaint, as to Counts 1 and 2, states a cause of action and that the trial court erred in dismissing the suit. The judgment of the circuit court is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*