Arnold Steward, Plaintiff-Appellee, v. Lambert Bartley, Defendant-Appellant.

**Gen. No. 9,983.**

Third District.
February 24, 1955.
Released for publication March 14, 1955.

Keith F. Scott, of Macomb, for appellant.

J. Dixson McRaven, and Gumbart, Grigsby & Gumbart, of Macomb, for appellee.

· MR. JUSTICE REYNOLDS delivered the opinion of the court.

This is an appeal from a judgment of $10,000 entered upon a verdict in favor of plaintiff for personal injuries suffered by him while riding as a guest in an automobile being driven by defendant. Defendant filed a motion for new trial, which was denied. No motions in arrest of judgment or for judgment notwithstanding the verdict were filed.

The complaint consisted of one count charging defendant with wilful and wanton misconduct.

The principal ground for reversal urged by defendant is that the complaint is so fundamentally defective that it states no cause of action whatsoever, is wholly insufficient to support the judgment, and that the defect being fundamental, was not cured by verdict.

Defendant concedes he failed to raise the question at any stage of the proceedings in the circuit court either by motion, objection or otherwise. He argues, however, that the failure of a complaint to state any cause of action whatsoever may be raised for the first time on appeal, citing Lasko v. Meier, 394 Ill. 71 and Owens-Illinois Glass Co. v. McKibbin, 385 Ill. 245. We need not decide whether those authorities are applicable here to enable defendant to challenge the sufficiency of a pleading for the first time on appeal because we are of the opinion that the complaint is sufficient to sustain a judgment after verdict.

The ground upon which defendant predicates his position is that there is an absence in the complaint of an allegation of plaintiff's freedom from wilful and wanton misconduct. Defendant relies upon the holding in Prater v. Buell, 336 Ill. App. 533. It was there held that a complaint charging wilful and wanton misconduct on the part of defendant was vulnerable on motion to dismiss because of the absence of allegations, express or implied, of plaintiff's freedom from contributory wilful and wanton misconduct.

■ We believe plaintiff's complaint meets the test announced in the Prater case. While it is true the complaint does not contain an express allegation of freedom on plaintiff's part from wilful and wanton misconduct, there are other allegations in the complaint equivalent thereto or from which the same may fairly be inferred. It is alleged that plaintiff was at all times in the exercise of due care for his own safety; that he warned defendant on several occasions prior to the accident to reduce speed and drive carefully; that nevertheless defendant operated the automobile in a wanton, wilful and malicious manner, and that plaintiff was injured as a direct and proximate result of defendant's wilful, wanton and malicious operation of the automobile.

■ In any event, the foregoing allegations are sufficient to sustain the judgment after verdict under the rule of aider by verdict. Defendant expressly traversed those allegations. The allegations of due care and caution on plaintiff's part, of warning communicated to defendant, his disregard thereof, and of wilful and wanton misconduct by defendant in the operation of the automobile, all of which were traversed by defendant, fairly imposed on plaintiff the burden of proving freedom on his part from wilful and wanton misconduct. Freedom from wilful and wanton misconduct on the part of plaintiff is fairly implied in and inferable from those allegations. Issue was joined. At worst plaintiff's freedom from contributory wilful and wanton misconduct was defectively stated. It follows that the omission of express allegations was cured by verdict. Lasko v. Meier, 394 Ill. 71.

Defendant argues that since negligence and wilful and wanton misconduct are not synonymous, an allegation of absence of contributory negligence cannot be the equivalent of an absence of contributory wilful and wanton misconduct. The question is not whether they are equivalent but rather, whether after verdict the

211

latter is inferable from the former, taken with other allegations in the pleading. We hold it is.

Furthermore, we are of opinion the provisions of sections 4 and 42 of the Civil Practice Act [Ill. Rev. Stats. ch. 110, §§ 128, 166; Jones Ill. Stats. Ann. 104.004, 104.042] apply with particular force to pleadings after verdict. The former enjoins that pleadings are to be liberally construed and the latter that a pleading that reasonably informs the opposite party of the claim or defense is not bad in substance.

We express no opinion as to the sufficiency or insufficiency of plaintiff's pleading on motion to dismiss made under section 45 of the Civil Practice Act [Ill. Rev. Stats. ch. 110, § 169; Jones Ill. Stats. Ann. 104.045].

Defendant complains that the court erred in instructing the jury, at defendant's request, that plaintiff had the burden of proving freedom on his part from wilful and wanton misconduct. His theory is a restatement of his contentions respecting the sufficiency of the complaint. He argues that since, on his view, the complaint failed to negative contributory wilful and wanton misconduct, the instruction necessarily was one upon an issue not made by the complaint and answer. What we have said respecting the complaint disposes of this contention, even assuming defendant may complain of his own instruction. It is well settled he cannot do so.

We further observe that the fact defendant tendered the instruction is inconsistent with his argument, advanced for the first time in this court, that the issue of absence of contributory wilful and wanton misconduct on the part of plaintiff was not presented by or inferable from the pleadings.

Defendant argues that the trial judge erred in admitting certain expert opinion testimony respecting plaintiff's mental and physical condition. The stated ground of error is that it was not "the best evidence." Defendant relies upon Hardware Mut. Cas-

ualty Co. v. Baldus, 316 Ill. App. 283. In that case the court held that a written estimate of repairs to a damaged automobile was not competent evidence of damages and repairs as against the repair bill itself. We fail to see the applicability here of the holding and rule of evidence reported in that case. The "best evidence rule" applies exclusively to documentary evidence. The evidence of which defendant complains here was expert opinion testimony.

█ Lastly, defendant argues that the judgment should be reversed because the verdict was against the weight of the evidence. We will assume, though he does not so state, that defendant means "manifest weight of the evidence." Goodrich v. Sprague, 314 Ill. App. 671. Defendant's contention in this regard is predicated upon the assumption that the only evidence of wilful and wanton misconduct was excessive speed. The assumption is unwarranted. We have reviewed the evidence carefully. Without setting the evidence forth in detail, there is sufficient from which the jury could reasonably have concluded that defendant had been drinking before embarking upon the highway; that he drank a can of beer while driving and before reaching the scene of the accident; that he was intoxicated in measure; that he was driving at a speed of 80 to 90 miles per hour; that he disregarded warnings from plaintiff and another passenger to reduce his speed; that there was some fog and that though familiar with the road in question, defendant failed to reduce speed at or seek to turn with a curve in the road and as a result the car proceeded directly ahead and off the highway at the entrance to the curve and at great speed. We are of the opinion the verdict was not against the manifest weight of the evidence.

The judgment of the circuit court is affirmed.

Affirmed.