(No. 35570.—

CAROLINE M. SAUNDERS, Appellee, *vs.* CLETE SCHULTZ, Appellant.

*Opinion filed September 29, 1960.*

Schaefer, C.J., dissenting.

Davis, Morgan & Witherell, of Peoria, for appellant.

Robert S. Calkins, of Peoria, for appellee.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiff, Caroline M. Saunders, instituted an action to recover the amount of certain medical and funeral expenses for which she became liable under the family expense provisions of the Married Women's Act as a result of the injury and ensuing death of her husband, Charles L. Saunders, in a vehicle collision allegedly caused by the negligence of defendant Clete Schultz. The judgment of the trial court, entered on the jury verdict awarding plaintiff damages in the amount of $4,862.90, was affirmed by the Appellate Court, (22 Ill. App. 2d 402,) and we have allowed defendant leave to appeal.

The salient issue presented on this appeal is whether the widow may maintain an independent action against the tortfeasor causing the wrongful death of her husband for the medical and funeral expenses for which she is liable under the Married Women's Act. Other questions involved in this review of the cause are whether the essential elements for such action were properly averred herein, and whether the trial court erred in sustaining plaintiff's objections to certain interrogatories, or in giving certain instructions.

From the record it appears that at about 7 A.M. on August 1, 1955, defendant was driving his farm truck in a westerly direction on Lancaster Road, a two-lane blacktop highway at a point some 15 miles west of Peoria. He was proceeding to his soybean field, which extends some 1400 feet along the south side of the highway. The field has two entrances from Lancaster Road. The one used by defendant at the time of the collision is near the east end of the field, while the other entrance is some 564 feet further west, at the top of a hill in Lancaster Road as the highway proceeds westward.

When defendant was several hundred feet from the east entrance to the field, he gave a left-turn arm signal. He

withdrew his arm some 50 or 100 feet before reaching the point where he turned left, slowed down to about 5 miles per hour, and started to make a left turn across the highway to enter the field. When defendant had proceeded to the point where the front end of the truck was off the highway and the rear end was on the south half of the eastbound lane, the motorcycle driven by Charles L. Saunders in an easterly direction on Lancaster Road collided with the rear end of defendant's truck. Defendant did not see Saunders approaching from the west at any time prior to the collision, for the hill in the road obscured the visibility to the west at the point where defendant turned left. Saunders had been enroute to work in Peoria from his home some 8 miles further west, where he lived with his wife and two sons. He was thrown from his motorcycle by the impact of the collision, and sustained injuries from which he died on September 14, 1955, some 44 days later.

As a result of Saunders's injury and death, expenses aggregating some $4,862.90 were incurred, including: ambulance $25; nursing $1,218; physician $147; surgeon $600; hospital $1,899.90; funeral $933; and burial space $50. Prior to the trial, plaintiff had paid for the nursing and ambulance service, the burial space, $586 on the hospital bill, and $533 on the funeral bill. According to her testimony, such payments were made from funds borrowed from relatives and friends, which she repaid from her earnings; from the sale of some ponies belonging to her and her husband; from the sale of livestock, and beans raised on the farm the year following the death of her husband; from insurance money payable to herself; and from a small savings account belonging to her and her husband.

Plaintiff filed a complaint on November 14, 1956, alleging substantially the foregoing facts, and averring that as a direct result of the injuries to her husband through defendant's negligence, she became personally liable under the Married Women's Act (Ill. Rev. Stat. 1955, chap. 68, par.

15), for medical and funeral expenses, for which she demanded judgment for $5,196.65. Defendant's motions to dismiss on the ground that the complaint set forth no cause of action were overruled, and his answer denied all charges of negligence, denied that under the Married Women's Act plaintiff was entitled to recover in this action, and averred as a separate defense that decedent was guilty of contributory negligence. Plaintiff's reply specifically denied that allegation. The issues made by these pleadings were submitted to the jury. Among the instructions given the jury were four which directed the denial of recovery if plaintiff's decedent were found guilty of contributory negligence. The jury entered a verdict in favor of plaintiff for $4,862.90, on which judgment was entered. The Appellate Court, in affirming that judgment, held that the complaint stated a cause of action and that the verdict was supported by the evidence.

In reviewing that judgment, we must first determine whether the elements of damage sought by plaintiff are recoverable under the theory of liability asserted. In resolving this issue, which is one of first impression for this court, we shall re-examine the basis and scope of recovery of damages in wrongful death cases under the Illinois statutes and case law, review the legal history of the problem, and then analyze the decisions of other jurisdictions which have been confronted with this issue.

Where the death of the decedent is the result of defendant's wrongful act, as in the instant case, no action lies under the section 339 of the Probate Act (Ill. Rev. Stat. 1955, chap. 3, par. 494), but an action may be maintained under the Wrongful Death Act (Ill. Rev. Stat. 1955, chap. 70, par. 2; *Holton* v. *Daly* (1882), 106 Ill. 131). Under that statute, no damages are allowed for the bodily pain and suffering of the deceased, or for medical or funeral expenses. The measure of damages recoverable is limited to the pecuniary loss to the widow and next of kin

(*Ohnesorge* v. *Chicago City Railway Co.* (1913), 259 Ill. 424). Furthermore, an administrator may not bring actions under both the Wrongful Death Act and the Probate Act for the same tortious act. *Susemiehl* v. *Red River Lumber Co.* (1941), 376 Ill. 138; *Ohnesorge* v. *Chicago City Railway Co.* (1913), 259 Ill. 424.

Apart from these statutes and their construction in the cases, however, there are several Appellate Court cases which affect the issue. In the early case of *Nixon* v. *Ludham,* 50 Ill. App. 272, our Appellate Court, while denying a husband recovery of funeral expenses for the death of his wife on the ground that no civil action could be maintained for the death of a human being, nevertheless allowed him to recover, in a common-law action against the tortfeasor, the medical expenses incurred prior to her wrongful death. Moreover, two recent Appellate Court cases have expanded this approach, and have allowed the widow to recover in a separate common-law action against the tortfeasor the funeral and medical expenses incurred in connection with the wrongful death of her husband by virtue of her liability under the Married Women's Act (Ill. Rev. Stat. 1955, chap. 68, par. 15; *Thompson* v. *City of Bushnell,* (1952), 346 Ill. App. 352; *Staken* v. *Shanle,* (1959), 23 Ill. App.2d 269). In the *Thompson case* the court, recognizing that the action was without precedent in Illinois, except for partial support from the *Nixon case,* relied upon the Oregon case of *Hansen* v. *Hayes,* 175 Ore. 358, 154 P.2d 202, hereinafter discussed, as authority for its decision.

In reviewing the legal history of this problem it is apparent from the reasoning in the early *Nixon case* that the rule denying the recovery of funeral expenses is a corollary of the old common-law rule that no action for damages can be maintained for the life of a human being. That rule originated in the decision of Lord Ellenborough in 1808 in *Baker* v. *Bolton,* 1 Camp. 493, 170 Eng. Reprint 1099, issued without supporting reasons or authority. (3

A.L.R.2d 932). The old English rule, however, has been vigorously criticized in both England and in this country, and an imposing body of authority has developed recognizing a common-law right of a spouse to recover medical and burial expenses incurred on behalf of a husband or wife injured by a tortfeasor. (Dissent, *Osborn* v. *Gillett* (1873), L.R. 8 Exch. (Eng.); *Worley* v. *Cin. H. & D.R. Co.* 1 Handy 481, (1855), 12 Ohio Dec. Reprint 247; *Sullivan* v. *Union Pacific Railroad Co.* (1874), (8th cir.) 3 Dill. 334; *Philby* v. *Northern Pacific Railroad Co.* (1907), 46 Wash. 173, 90 Pac. 468; *Hansen* v. *Hayes,* (1945), 175 Ore. 358, 154 P.2d 202; *Mattfeld* v. *Nester,* (1948), 226 Minn. 106, 32 N.W.2d 291; *Moss* v. *Hirzel Canning Co.* (1955), 100 Ohio App. 509, 137 N.E.2d 440; *Follansbee* v. *Benzenberg,* (1954), 122 Cal. App. 2d 466, 265 P.2d 183; *Seymour* v. *Union News Co.* (1954), (7th cir.) 217 F.2d 168; 3 A.L.R.2d 933; 42 A.L.R.2d 843.) In recognizing this right of action a variety of reasons have been advanced by the courts.

In the *Sullivan case,* the court refused to apply the old English rule that was predicated on *Baker* v. *Bolton,* and stated that it was "incapable of vindication." This criticism of the rule was quoted with approval by the Minnesota court, which refuted and rejected the reasoning of the English courts. (*Mattfeld* v. *Nester,* (1948), 226 Minn. 106, 32 N.W.2d 291.) The Minnesota court explained in the *Mattfeld case* that the English rule denying recovery misapplied the maxim that a personal right of action dies with the person, since only the wife's cause of action for personal injuries would die with her, but not the cause of action belonging to her husband, which was separate and distinct from hers. The court further stated that a common-law rule is not in force when the reasons for it have ceased to exist, or it is not adapted to existing conditions. Since the court found no valid reason for the rule denying the recovery of burial expenses, and that, "on the contrary,

sound reason supports the rule allowing it," the court held that the husband could recover such expenses from the tortfeasor causing the death of the wife, where such damages were not recoverable under the wrongful death statute.

Similarly, the Ohio court allowed a direct common-law action by the husband to recover funeral expenses from a tortfeasor causing the death of his wife. (*Moss* v. *Hirzel Canning Co.* (1955), 100 Ohio App. 509, 137 N.E.2d 440). After noting that there could be no such recovery under the Ohio survival or wrongful death statutes, the court stated at p. 442: "Plaintiff's right of action for funeral expenses is one not existing by virtue of the Survival Statute. It is a direct action under the common law, and it arises by reason of the duty of the husband to provide the wife necessaries for her livelihood and upon her death, the duty to provide for her funeral services."

In *McDaniel* v. *Trent Mills,* 197 N.C. 342, 148 S.E. 440, the court predicated such recovery under the general rule that where the wife has been compelled to expend money from her personal estate as a result of injuries negligently inflicted on her husband by a third person, for which he cannot recover, she may recover such sums under statutes giving her the right to sue in her own name. 41 C.J.S. 901.

In *Hansen* v. *Hayes,* 175 Ore. 358, 154 P.2d 202, cited in the aforementioned case of *Thompson* v. *City of Bushnell,* 346 Ill. App. 352, the Oregon court reasoned that inasmuch as the widow was liable for medical and funeral expenses under the Oregon family expense statute, and since such liability was tortiously imposed upon her by defendant's negligence, which made the expenditures necessary, she should be entitled to recover for such damages. However, in that case, since the administrator had previously brought a wrongful death action, the widow was allowed to recover only for the medical expenses which were not compensable in the prior action, but could not

recover for the funeral expenses which, the court held, had been wrongfully rejected in the wrongful death action.

In *Follansbee* v. *Benzenberg,* 122 Cal. App.2d 466, 265 P.2d 183, the California court held that the widow was entitled to recover in her own right at common law, as distinguished from under the Wrongful Death Act, the medical expenses incurred on her husband's behalf prior to his death caused by the defendant tortfeasor. The court reasoned that since the wife's legal personality is no longer merged in that of her husband, so that she may own property and sue in her own name, and since she is liable for the expenses of caring for her injured husband, there was no valid reason for not allowing her to recover damages for such expenses from the tortfeasor.

In *Seymour* v. *Union News Co.* (1954), 217 F.2d 168, the Circuit Court of Appeals, in construing Illinois law, held that a wife was entitled to recover medical expenses incurred on behalf of her husband as a result of defendant's negligence in furnishing him with contaminated food, on the ground that she was liable for such expenses under the family expense statute. The court emphasized that her right of action for such expenses was separate from the negligence action of her husband.

A contrary rule, however, has been followed by the New York court. (*Cook* v. *Snyder,* 119 N.Y.S.2d 481, and cases cited.) In the *Cook case* the New York court denied the wife the right to recover for medical expenses incurred on behalf of her husband who was injured through defendant's negligence. The court did not discuss her liability for medical expenses, but relied only upon a reference in the Restatement of Torts that the wife had no common-law right to damages for injuries to her husband.

From this review of the development of the case law on the issue, which in no way purports to be exhaustive, we find that there is presently no legally cogent reason for denying a spouse the right to recover for medical or fun-

eral expenses incurred on behalf of a mate who was wrongfully injured or killed. The rule denying such recovery originated as a corollary of the archaic common-law rule that there could be no recovery for the death of a human being, which is no longer the law. Moreover, under the present status of the law, a surviving spouse is personally liable under family expense statutes for the medical and burial expenses incurred on behalf of a husband or wife. Viewing the situation realistically, this liability of the surviving spouse for such expenses constitutes very real damages. Since that liability results from defendant's tortious conduct, it is only legally sound, and in accordance with basic negligence principles, that the burden of such damages should fall, not on the innocent victim, but upon the tortfeasor.

Inasmuch as it is the genius of our common law that it can be, and is, responsive to the changing obligations and relationships within our legal system, we believe that the common law should be construed to permit the recovery of such funeral and medical expenses in an action either by the decedent's estate, or, as in the instant case where no such claim was made, by the surviving spouse. This interpretation is supported not only by cogent reasoning, but by the dominant judicial opinion in other jurisdictions, and earlier decisions of our courts.

Defendant argues, however, that this interpretation is contrary to certain Illinois decisions and cites *Susemiehl* v. *Red River Lumber Co.,* 376 Ill. 138. In this case, the administrator commenced one suit to recover under the Injuries Act for loss suffered by decedent's next of kin. A second suit was started by the administrator under the Survival statute to recover medical and hospital expenses incurred by deceased during the period between the date of the accident and his death, also to recover for wages lost, funeral expenses and damages for pain and suffering. The trial court dismissed the second action, holding that the ad-

ministrator's sole and exclusive remedy was under the Wrongful Death Act. This result was affirmed by the Appellate Court. This court, on leave to appeal, in sustaining the two courts said: "Beginning with the case of *Holton* v. *Daly*, 106 Ill. 131, and continuing to the present time, this court has been committed to the doctrine that if death results from the injuries sued for, the suit of the injured person abates and cannot be further prosecuted. We have construed the Injuries act to apply to all those cases in which the injuries resulted in death, and the Survival statute to apply to those cases in which death resulted from some other cause. The appellant argues with much force, and with numerous authorities from other jurisdictions, that the rule of *Holton* v. *Daly, supra,* should be overruled and that decisions from other jurisdictions having similar statutes should be followed. It is true, as the appellant argues, that some other jurisdictions have arrived at a different result. However, the rule of *Holton* v. *Daly, supra,* has been the interpretation of the law in Illinois for nearly sixty years. It has been followed in this court at least ten times, many more times than that in the Appellate Courts and in an unknown and unknowable number of cases in the trial courts of this State. If that rule is to be changed at this time, it must be accomplished by a legislative enactment; this court must adhere to the rule of stare decisis. The trial court and the Appellate Court correctly interpreted the law as it exists in Illinois, and the judgment of the Appellate Court is affirmed."

Almost a score of years have now passed since this pronouncement without legislative action in this field. The estate or the spouse, either or both as the circumstances indicate, are entitled to recover for pecuniary losses suffered by either or both which are not recoverable under the Wrongful Death Act, and all cases holding the contrary are overruled.

We find no merit in defendant's argument that the rec-

ognition of plaintiff's cause of action will result in a duplication of damages. Inasmuch as there is no recovery for medical or funeral expenses under the terms of the Wrongful Death Act, which is the available remedy where death results from defendant's tortious act, it is not conceivable just how there can be duplication of damages by allowing plaintiff to recover for such expenses in an independent action. *Moss* v. *Hirzel Canning Co.* 100 Ohio App. 509, 137 N.E.2d 440.

Defendant contends further that even if plaintiff's complaint did set forth a basis of liability upon which recovery may be predicated, the complaint was still legally insufficient since it contained no allegation that the decedent was free from contributory negligence. Our review of the record reveals that although plaintiff originally took the position that the contributory negligence, if any, of her husband would in no way affect a recovery for the injury to her, and merely alleged her own exercise of due care, nevertheless, when defendant's answer alleged as a separate defense that the decedent was guilty of contributory negligence, plaintiff's reply specifically denied that allegation. It is evident, therefore, that this issue of decedent's contributory negligence was unequivocally raised by the pleadings, and that defendant was apprised that plaintiff denied that her husband was contributorily negligent. Moreover, since the verdict for plaintiff required proof of decedent's freedom from contributory negligence under the four instructions on this issue given by the court at defendant's request, any conceivable defect in the complaint was cured by the verdict. *Illinois Central Railroad Co.* v. *Warriner,* 229 Ill. 91, 97; *Steward* v. *Bartley,* 5 Ill. App.2d 208, 212.

Viewing these circumstances in the light of the provisions of the Civil Practice Act requiring pleadings to be liberally construed (Ill. Rev. Stat. 1955, chap. 110, par. 33(3)), and specifying that pleadings shall not be deemed bad which reasonably inform the opposite party of the

claim he must meet (par. 42(2)), it is our judgment that a dismissal of this cause for failure to properly aver the claim would be a return to primitive formalism in the law, and in derogation of the objectives of the Civil Practice Act. *Gustafson* v. *Consumers Sales Agency, Inc.* 414 Ill. 235.

Defendant further insists that the trial court committed prejudicial error in sustaining plaintiff's objections to the interrogatories pertaining to available insurance for the payment of the contested family expenses. Defendant argues that if plaintiff had any conceivable right to recover for the medical and funeral expenses, it was limited to those expenses actually paid from her own funds, or owing at the time of the trial.

We cannot accept that interpretation of plaintiff's cause of action. Her right to damages is predicated entirely upon her liability under the Married Women's Act (Ill. Rev. Stat. 1955, chap. 68, par. 15), as a result of defendant's negligent act. The ability of the estate to pay the various family expenses neither affects her liability under that statute, nor defendant's obligation for damages. (*Staken* v. *Shanle,* 23 Ill. App.2d 269.) Nor is defendant relieved to the extent that plaintiff was able to utilize insurance proceeds or borrowed funds to pay her obligations under the statute. Any such approach would put a premium upon delay, or even nonpayment of all such medical and funeral expenses by a surviving spouse in order to establish that her liability still subsisted at the time of the trial, so that she could recover such expenses from the tortfeasor.

Moreover, there is nothing contained in *People ex rel. Terry* v. *Fisher,* 12 Ill.2d 231, cited by defendant in support of his contention, which requires plaintiff to reply to the insurance interrogatories. The *Fisher case* merely authorized the disclosure of liability insurance for discovery purposes only, since such insurance is obtained in accordance with the statutory mandate for the protection of innocent vic-

tims, and has a practical effect on the conduct of litigation. Those circumstances are quite distinguishable from the instant case, where whatever medical or hospital insurance plaintiff had was certainly not procured for the benefit of a defendant tortfeasor, nor would such a party be entitled to the benefits of such insurance, or be relieved of liability thereby. (Restatement of Torts, § 920e.) Consequently, the trial court committed no error in sustaining plaintiff's objection to these interrogatories.

With reference to the propriety of the instructions submitted by the trial court, the criterion reiterated in the case law has been whether the jury was fairly, fully and comprehensively informed on the relevant principles, considering the instructions in their entirety. From the record it appears that this criterion has been met. Furthermore, as noted by the Appellate Court, since defendant did not assert the grounds now urged against the particular instructions at the instruction conference, his objections thereto are not well taken when interposed for the first time on review. *Onderisin* v. *Elgin, Joliet and Eastern Railway Co.* 20 Ill. App.2d 73, 77-78.

On the basis of our analysis of the issues presented on this review we find that the Appellate Court properly held that plaintiff's complaint averred a good cause of action on which recovery may be allowed, and that no error was committed by the trial court in its ruling on the interrogatories or in instructing the jury. Consequently, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE SCHAEFER dissenting:

I agree with the general conclusion that there should be recovery for medical, hospital and funeral expenses incurred when a defendant's negligence causes death. But I am not satisfied that upon the record in this case the plaintiff is entitled to the full amount that she has recovered.

Her liability under the Family Expense Act entitles her to recover for money she paid out in satisfaction of those expenses, but I do not see how her liability under that statute can entitle her to recover amounts that were paid with the proceeds of the sale of assets that belonged to her husband's estate. Whether or not a claim was made by the estate is, in my opinion, immaterial. Those funds did not belong to her, and she should not be permitted to recover them.