E. H. GATES, Administrator of the Estate of Evelyn Gates, deceased, and E. H. Gates, personally, Plaintiff,

v.

CHICAGO & EASTERN ILLINOIS RAILROAD COMPANY, Defendant.

No. 63 C 2125.

United States District Court N. D. Illinois, E. D.

March 16, 1964.

Theodore Sharf, Chicago, Ill., for plaintiff.

Frank E. Glowack, Chicago Heights, Ill., and Walter D. Cummings, Chicago, Ill., for defendant.

MAROVITZ, District Judge.

Motion of defendant to strike Count II of the complaint.

This is a wrongful death action brought by the husband of the deceased, personally, and as administrator of the estate. In Count I, it is alleged that due to the negligent operation of defendant railroad, a train on which deceased was a passenger was derailed. Deceased, as a proximate result of the alleged negligence, received severe injuries leading to her death. Plaintiff seeks recovery in the sum of $30,000. In Count II, the plaintiff, suing personally as the husband of deceased, seeks recovery of $3,500 for expenses incurred for the funeral and burial of deceased, including the loss of income resulting from the making of arrangements for said funeral, and attending same.

Defendant has filed this motion to strike Count II of the complaint. In support thereof, defendant argues that under the Illinois Supreme Court holding in Saunders v. Schultz, 20 Ill.2d 301, 170 N.E.2d 163 (1960), a spouse *may* recover funeral and medical expenses for which said spouse was liable under the Family Expense Statute, Sec. 15, Chap. 68, Ill. Rev.Stat., but *may not* recover unliquidated expenses such as loss of income incurred in connection with making funeral arrangements.

Secondly, defendant asserts that plaintiff, having failed to plead freedom from contributory negligence in Count II, is not entitled to recover as a matter of law.

The Illinois courts have not as yet squarely faced the issue at bar. In Saunders v. Schultz, supra, the Court held that under the common law of Illinois, a surviving spouse should have the right to recover "funeral and medical" expenses. As one reason therefor, but not the sole controlling basis as defendant contends, the Court pointed to the Family Expense Statute which holds the surviving spouse personally liable for such medical and burial expenses. The question of loss of income in preparation for the funeral is

not reached. However, from the reasoning of the Court, it would seem that such damages should be allowed.

Such an action as the one at bar is completely separate from the wrongful death action. "[T]his liability of the surviving spouse," the Court said, "for such expenses constitutes very real damages. (speaking of medical and funeral expenses) Since that liability results from defendant's tortious conduct, it is only legally sound, and in accordance with basic negligence principles, that the burden of such damages should fall, not on the innocent victim, but upon the tortfeasor."

Similarly, the loss of income suffered by the surviving spouse is a result of defendant's negligence. Although not compelled by statute, it is every bit as much of an obligation to arrange a funeral, as it is to pay for it, and losses incurred in such arrangements should be compensated. Defendant's argument that the Court limited recovery to those expenses for which the spouse is liable under the Family Expense Statute, is without weight. The Court specifically speaks of that statute in an ancillary manner, as an additional reason why recovery should be permitted, but does not limit recovery in all cases to the statutory obligations.

The Court indicated that the liability of defendant was to be based on the common law, "responsive to the changing obligations and relationships within our legal system * * *." (20 Ill.2d p. 310, 170 N.E.2d p. 168). "This interpretation," the Court continued, "is supported not only by cogent reasoning, but by the dominant judicial opinion in other jurisdictions, and earlier decisions of our courts." (20 Ill.2d at p. 310, 170 N.E.2d p. 168.)

Although the Court was referring primarily to the recovery of funeral and medical expenses, there was no strict line drawn. In Philby v. Northern Pacific R. Co., 46 Wash. 173, 89 P. 468, 9 L.R.A.,N.S., 1193, the Court allowed such recovery for loss of time. See also Southern Railway Co. v. Covenia, 100 Ga. 46, 29 S.E. 219, 40 L.R.A. 253.

In the absence of a clear limitation by the Illinois Supreme Court, it is the judgment of this Court that such an action for recovery of lost income can be maintained.

As for defendant's second allegation, plaintiff responds that through a typographical error the allegation as to freedom from contributory negligence was omitted. Plaintiff is therefore given leave to amend the complaint in this respect.

The Court might point out at this time that the complaint has failed to allege any federal grounds of jurisdiction. Unless such grounds are pleaded by amendment, the Court, shall, on its own motion, dismiss the complaint.