Clarence P. Graul, Administrator of the Estate of Gerald W. Graul, Deceased, and Clarence P. Graul, Plaintiff-Appellant, v. Allen Adrian, Defendant-Appellee.

Gen. No. 64–18.

Fifth District.

June 3, 1964.

C. E. Heiligenstein, of Belleville, for appellant.

Brady, Donovan & Hatch, of East St. Louis, for appellee.

WRIGHT, JUSTICE.

This is an appeal from an order entered by the trial court dismissing Count II of plaintiff's complaint and entering judgment for defendant under this count.

The complaint in this case consists of two counts. Count I is brought under the Wrongful Death Act by Clarence P. Graul, as Administrator of the Estate

■■■■■■■■■■■

of his minor son, Gerald W. Graul, deceased, alleging that the death of Gerald W. Graul, resulted from the wrongful act of the defendant. Count II is brought by Clarence P. Graul, individually and as the father of the deceased, to recover medical and funeral expenses incurred by the father as a result of the alleged wrongful act of defendant which caused the death of his son.

The only question presented on this appeal is whether a parent can recover from a defendant separate and in addition to the recovery allowable under the Wrongful Death Act for medical bills and funeral expenses paid for and on behalf of their minor child who dies from injuries sustained as a result of defendant's negligence.

The defendant contends that the law does not impose a direct obligation on parents for the payment of medical and funeral expenses of their minor children, and such expenses cannot be recovered in addition to the recovery allowable under the Wrongful Death Act.

■■ Where the death of a decedent results from defendant's wrongful act, an action may be maintained by the personal representative under the provisions of the Wrongful Death Act (Ill Rev Stats 1963, c 70, § 2); Holton v. Daly, 106 Ill 131. Under this act, no damages are allowed for pain and suffering of deceased or for medical, hospital and funeral expenses. The damages are limited to the pecuniary loss suffered by the widow and next of kin by reason of the death of the injured person. Ohnesorge v. Chicago City Ry. Co., 259 Ill 424, 102 NE 819.

Section 15 of the Husband and Wife Act provides:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either

103

of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately." (Ill Rev Stats 1963, c 68, § 15.)

The law is settled beyond controversy that medical and funeral expenses are family expenses within the meaning of the Husband and Wife Act and that the husband and wife are each liable for the medical and funeral expenses of the other. Fortner v. Norris, 19 Ill App2d 212, 153 NE2d 433.

The law is also well settled that where the death of a deceased spouse results from the wrongful act of another, the surviving spouse may recover in a separate action from the wrong-doer the medical and funeral expenses incurred as a result of the injuries causing the death of deceased, in addition to any recovery allowable under the Wrongful Death Act. Saunders v. Schultz, 20 Ill2d 301, 170 NE2d 163; Staken v. Shanle, 23 Ill App2d 269, 162 NE2d 604 and Thompson v. City of Bushnell, 346 Ill App 352, 105 NE2d 311.

The reviewing courts of this state have also repeatedly held that under the provisions of the Family Expense Section of the Husband and Wife Act, supra, the parents are liable for the medical expenses of their minor children. Younkin v. Essick, 29 Ill App 575; West Chicago Street R. Co. v. Carr, 67 Ill App 530; Shepherd v. Margsaglia, 31 Ill App2d 379, 176 NE2d 473.

The appellee to support his contention that the law does not impose a direct obligation on parents for the payment of medical bills and funeral expenses of minor children cites and relies on Wright v. Royse, 43 Ill App2d 267, 193 NE2d 340. From a careful analysis of the opinion in that case, we interpret the opinion to hold only that there is no legal obligation imposed on parents to pay medical expenses and funeral expenses of their minor children under the provi-

104

sions of sections 112, 402, 404 and 414 of chapter 23 of Ill Rev Stats 1963. This conclusion is based on language used in the opinion. Near the end of the opinion, the court after discussing the liability of the husband and wife for the medical and funeral expenses of the other under the Husband and Wife Act, and after discussing the duty imposed on parents under sections 112, 402, 404 and 414 of chapter 23 of the Statute, had this to say:

"Nowhere in any of these sections of Chapter 23 is there imposed a direct obligation on parents for the payment of medical or funeral expenses of children such as the direct imposition contained in Chapter 68, Section 15."

We believe that the court by this language only intended to hold and did hold that a parent is not liable for the medical and funeral expenses of a minor child under the provisions of sections 112, 402, 404 and 414 of chapter 23 of the Statute, and that a parent under these sections cannot in a separate action recover such expenses incurred in addition to damages allowed under the Wrongful Death Act, but did not hold that such expenses could not be recovered under the provisions of the Family Expense section of the Husband and Wife Act separately and in addition to damages allowed under the Wrongful Death Act.

■ Notwithstanding the interpretation that may be put on the opinion in Wright v. Royse, supra, we are compelled without further word to hold that the parents are liable for the medical and funeral expenses incurred by them on behalf of a minor child. Further, we hold that if such expenses result from injuries inflicted on the minor child by the wrongful act of another, the parents may recover such expenses incurred by them from the wrong-doer in a separate action and in addition to any recovery allowable under

105

the Wrongful Death Act. The recovery of such expenses in a separate action and in addition to the recovery allowable under the Wrongful Death Act does not result in a duplication of damages for the reason that no recovery for medical or funeral expenses is allowable under the Wrongful Death Act. Saunders v. Schultz, supra.

We believe that the conclusion herein reached to be supported by the provisions of the Husband and Wife Act, supra, and by case law in Illinois and that the allowance of recovery in such case is fully in accord with the basic principle of negligence law that any loss sustained should fall on the tortfeasor and not on an innocent person.

Reversed and remanded with directions to vacate the order dismissing Count II of the complaint and to vacate the judgment entered in favor of defendant.

DOVE, P. J. and REYNOLDS, J., concur.