CHARRYL MURPHY, Admrx. of the Estate of JACK RAYMOND MURPHY, Deceased *et al.*, Plaintiffs-Appellants, *v.* MARTIN OIL Co. *et al.*, Defendants-Appellees.

(No. 54202;

First District—April 11, 1972.

John J. Sullivan, William J. Harte, and William P. Colson, all of Chicago, for appellants.

Baker & McKenzie and Hinshaw, Culbertson, Moelmann, Hoban & Fuller, both of Chicago, (Francis D. Morrissey, Thomas F. Bridgman, D. Kendall Griffith, and Thomas M. Hamilton, Jr., of counsel,) for appellees.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This action was brought to recover damages for the injuries and death of Jack Raymond Murphy, plaintiff's husband. The complaint contained two counts and sought compensation for wrongful death, loss of clothing and wages, and for pain and suffering sustained by decedent.

On June 11, 1968, the decedent suffered severe burns in a sudden fire which occurred on the premises of defendants, James Hocker and the Martin Oil Co. Decedent was hospitalized and he died nine days later. Plaintiff, Charryl Murphy, brought this action in her capacity as administratrix of her husband's estate, as surviving spouse, and as next friend for her minor children.

Count I of the complaint alleged a cause of action under the Illinois Injuries Act, Ill. Rev. Stat., ch. 70, par. 1 *et seq.*,[1] for wrongful death. Count II alleged a survivorship action for the loss of decedent's clothing in the fire, loss of the wages he would have earned during the nine days prior to his death, and for the pain and suffering he sustained as a result of the incident. Defendants moved to dismiss Count II of the complaint contending that it did not contain a cause of action which is maintainable concurrently with the wrongful death action under present Illinois law. The motion was granted and the court certified that there was no just reason to delay enforcement of or appeal from that order. Plaintiff has perfected this appeal and urges a reappraisal of the rule which dictated the dismissal of Count II of the complaint.

*OPINION*

This controversy results from the application of a rule which was first enunciated in *Holton v. Daly*, 1882, 106 Ill. 131. In that case our Supreme Court held that the Wrongful Death Act was the exclusive remedy for the recovery of damages by survivors when a death was caused by a

---

[1] Paragraph 1 of the statute provides:

"Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

negligent act. This interpretation brought the act into direct contradiction with the earlier survival statute,[2] which provided that all actions for personal injuries or property damages survive the death of the claimant. The result was the concurrent existence of the interpretation of the Wrongful Death Act as an exclusive remedy, and the literal meaning of the Survival Act which would preserve an alternative remedy. The Court resolved this dilemma by further holding the survival statute inapplicable to any fact situation also covered by the Wrongful Death Act. In so doing, the court created an exception to the literal meaning of the survival statute—an exception which abated all previously existing actions where death resulted from the negligently inflicted injuries. The rule of the *Holton* case was followed in Illinois for over seventy years, despite many unsuccessful attempts to overthrow it.

The strict application of the *Holton* doctrine to the case at bar would unquestionably result in the affirmation of the order of dismissal. Plaintiff contends, however, that the construction given the two statutes in *Holton v. Daly* results in an unjust rule which should not stand, that our Supreme Court has recognized this injustice and, in recent decisions, has undermined the rule to the point where it is now obvious that it would not be sustained if challenged, and that the rule violates the Equal Protection clauses of the U.S. and the Illinois Constitutions. We must decide to what extent the *Holton* rule still justifies abatement of actions for property damages or damages for pain and suffering when the negligently inflicted injuries also resulted in death.

In *Susemiehl v. Red River Lumber Co.*, 1941, 376 Ill. 138, 33 N.E.2d 211, our Supreme Court was confronted with a challenge to the old rule. There the court refused to modify it and indicated that if any change was to be made, the long history of the *Holton* case dictated that it was now within the exclusive province of the legislature. The court stated at 376 Ill. 138, 140:

> "It is true, as the appellant argues, that some other jurisdictions have arrived at a different result. However, the rule of *Holton v. Daly, supra,* has been the interpretation of the law in Illinois for nearly sixty years. It has been followed in this court at least ten times, many more times

---

[2] Our present survival statute is at Ill. Rev. Stat., ch. 3, par. 339. The act is substantially the same as that construed by the *Holton* court. It provides:

> "In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property, actions against officers for misfeasance, malfeasance, or nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 14 of Article IV of 'An Act relating to Alcoholic liquors,' approved January 31, 1934, as amended."

than that in the Appellate Courts and in an unknown and unknowable number of cases in the trial courts of this State. If that rule is to be changed at this time, it must be accomplished by a legislative enactment; this court must adhere to the rule of *stare decisis*. The trial court and the Appellate Court correctly interpreted the law as it exists in Illinois, and the judgment of the Appellate Court is affirmed."

The Court, however, later re-examined this position. In *Saunders v. Schultz* (1960), 20 Ill.2d 301, 170 N.E.2d 163, the Court referred to its holding in *Susemiehl* that any change was now a legislative imperative and stated at 20 Ill.2d 301, 311:

"Almost a score of years have now passed since this pronouncement without legislative action in this field. The estate or the spouse, either or both as the circumstances indicate, are entitled to recover *for pecuniary losses suffered by either or both which are not recoverable under the Wrongful Death Act*, and all cases to the contrary are overruled." (Emphasis ours).

Therefore, to the extent that the *Holton* rule prevented survival of actions for "pecuniary losses" to survivors or the estate, the case was overruled. The factual situation in *Saunders*, however, presented only the narrow question of whether medical and funeral expenses are recoverable in a common law action concurrently with proceedings for wrongful death, and the court placed heavy reliance upon legal liability of survivors for those expenses under Illinois law. Consequently, no cases involving any other type of pecuniary losses have arisen, and the most recent case, *O'Connor v. Schwindaman* (1971), (Ill.App.2d), 268 N.E.2d 455, indicates that the holding in *Saunders* should be restricted to its own facts, *i.e.*, that only medical and funeral expenses are recoverable in a separate action. We are not convinced of this interpretation.

■■ The measure of recovery under the Wrongful Death Act normally includes only the loss to survivors of the support that decedent would have provided but for the negligence of the defendant. There are no provisions, except for certain exceptions not applicable here, for the recovery of any other tangible loss of personal property to the estate or survivors caused by the negligence of the tortfeasor. In allowing recovery for medical and funeral expenses in *Saunders*, the court's narrow holding was that those items were recoverable. However, it also announced the broader rule quoted above—that "pecuniary losses * * * not recoverable under the Wrongful Death Act" may now be the subject of a separate common law action. We believe that the court's reliance upon Illinois law imposing liability for medical and funeral expenses upon survivors was only for the purpose of establishing that the ex-

penses were a pecuniary loss to them, and was not intended to limit the holding to those liabilities specifically imposed by statute. The exception created by the *Saunders* case logically embraces any situation encompassed by the rule therein expressed. It includes not merely medical and funeral expenses, but other losses as well. We can see no cogent reason for allowing recovery of medical expenses, but denying an action for loss of personal property destroyed by the same action of the defendant that caused the death. Both are pecuniary losses suffered and both represent injuries to the estate or the survivors. Any distinction made in terms of out-of-pocket expenses after the death versus loss of personal property which would have been included in the estate does not have a logical basis. Both represent pecuniary losses which were directly caused by the tortfeasor and should be compensated. See *Periard v. Nelson* (1957), 14 Ill.App.2d 566, 145 N.E.2d 172.

██ Count II of the complaint at bar contained an allegation that a loss was suffered by virtue of the destruction of the decedent's clothing in the fire that caused his death and loss of the wages he would have earned had he been able to work during the nine days that passed between his injury and his death. We believe these to be pecuniary losses of the type contemplated by the Supreme Court in *Saunders v. Schultz, supra.* Therefore, to the extent that Count II contained a cause of action for these injuries, it was error to order dismissal.

██ Plaintiff also contends that we should extend our reasoning to further provide for the survival of a cause of action for pain and suffering. We have not, however, been directed to any Illinois authority sustaining this position. On the contrary, *Holton v. Daly, supra,* still represents the controlling law. In *Saunders v. Schultz, supra,* the court was solely concerned with an injury to personal property and the rule enunciated was couched in appropriate terms, referring one to "pecuniary losses." On the other hand, an action for pain and suffering is one for injury to the person, an invasion of the fundamental right to the uninterrupted enjoyment of the body. By no stretch of the imagination could we find that such an injury was a pecuniary loss as contemplated by the court in *Saunders.*

Neither are we convinced that the *Holton* rule should be changed by this court to provide for the survival of an action for pain and suffering. This issue was recently met by the Third District in *O'Connor v. Schwindaman, supra,* where a father sought damages from the operator of a motor vehicle which had caused fatal injuries to his daughter. The three count complaint contained prayers for recovery under the Wrongful Death Act, for medical and funeral expenses, and for pain and suffering sustained between the date of injury and the date of death three

days later. The Circuit Court dismissed the prayer for damages for pain and suffering and the order was affirmed on appeal. The court said, at 268 N.E.2d 455, 457:

"This brings us to plaintiff's argument that the rule abating a personal injury action where death results from such injuries ought to be reversed. It is plaintiff's major thesis that there ought to be no difference in the results so far as an action is concerned when a person dies of his injuries and when he dies of natural causes or as a result of other causes.

From a historical perspective death resulting from tortious conduct has presented a wide variety of problems and evolving solutions. Without analyzing the evolution of the problem and tentative solutions in detail it is sufficient to say that they have involved the concurrence of legislative policy and judicial interpretation. The Wrongful Death Act represents the basic legislative policy of our State regarding this problem. At its inception such statutory policy was a drastic modification of the common law. Generally speaking such legislative enactment adopts the "Loss to Survivors" philosophy and both the abatement of the personal injury action in *Holton* as well as the result in *Saunders* are consistent with such philosophy. That there may be other methods or policies regarding the consequences and effects of wrongful death is evidence from the divergent views of other jurisdictions. Indeed the nature of the argument expounded suggests its appropriateness as a legislative consideration and not a judicial imperative. As observed in *Molitor v. Kaneland Community Unit Dist.*, 18 Ill.2d 11, 163 N.E.2d 89, '* * * when a rule of law has once been settled such rule ought to be followed unless it can be shown that serious detriment is thereby likely to arise prejudicial to public interest.' In our view this case presents no detrimental prejudice to the public interest which requires or authorizes judicial approval or adoption of plaintiff's theory."

Our review of the cases cited by both parties leads us to agree with the above conclusion. While persuasive arguments can be made for overturning the *Holton* rule as it applies to an action for pain and suffering, we do not feel that this court is the appropriate forum for doing so. We hold that, insofar as Count II of the instant complaint contained allegations of pain and suffering, it was not error to grant the dismissal below.

■■■ Finally, plaintiff argues that dismissal of Count II of the complaint violates the Equal Protection Clauses of the U.S. and Illinois Constitutions. Correct procedure dictates that constitutional objections must be made at the earliest opportunity in a proceeding and failure to do so

does not preserve such issues for appeal. (*Chicago-Sanoval Coal Co. v. Industrial Commission* (1922), 301 Ill. 389, 134 N.E. 158; *Pearson v. Zehr* (1888), 125 Ill. 573, 18 N.E. 204.) Our review of the entire record indicates that plaintiff's first assertion of the constitutional argument was in her briefs on appeal. Those objections should have been initially made below, and consequently they have been waived.

For the reasons stated above, we hold that Count II of the complaint contained a valid cause of action for property damage which should not have been dismissed. The cause is remanded with directions to re-instate as much of that count as is consistent with this opinion. Dismissal of the prayer for damages for pain and suffering is affirmed.

Affirmed in part, reversed in part and remanded with directions.

SCHWARTZ and LEIGHTON, JJ., concur.