GERALD O'CONNOR, as Admr. of the Estate of MARY RITA O'CONNOR, a Deceased Minor, *et al.*, Plaintiff-Appellants, *v.* SUZANNE SCHWINDAMAN, Defendant-Appellee.

(No. 70-114; ▨▨▨▨▨▨▨

Third District—April 1, 1971.

Hollerich & Hurley, of La Salle, for appellants.

Dunn & Hayes, of Morris, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Mary O'Connor, age 16, was injured by the alleged negligent operation of a motor vehicle by Suzanne Schwindaman, defendant-appellee. Three days later she died as a result of her injuries. Gerald O'Connor, as administrator of the estate and as father and next friend, brought this action in the Circuit Court of LaSalle County, the complaint containing three counts. The first count asserts an action for wrongful death and the second seeks reimbursement for medical and funeral expenses. The third count seeks recovery for pain and suffering of the decedent sustained by the decedent between the date of the incident and her death three days later. The trial court sustained defendant's motion to dismiss count three and this is the only count involved in this appeal. The trial court certified that there was no just reason for delaying an appeal and such appeal might expedite disposition of the case.

The only issue on this appeal is whether or not there is any cause of action for pain and suffering when the injuries result in death.

■■ The issue involves the effect of two statutory provisions, the first known as "The Wrongful Death Act", ch. 70, pars. 1 & 2, Ill. Rev. Stat. 1969 and the second being the "Survival Statute", ch. 3, par. 339, Ill. Rev. Stat. 1969, (Survival of Actions). Both parties agree that *Holton v. Daly*, 106 Ill. 131 (decided 1882) established the doctrine in this State that if death results from the injuries sued for, the suit of the injured person abates and can not be further prosecuted. Where such death occurs it is the rule of *Holton* that the Wrongful Death Act affords the sole and exclusive remedy. This doctrine has been applied and affirmed by many

subsequent decisions of the courts of this State both Appellate and Supreme. The last case approving the *Holton* doctrine decided by the Supreme Court is *Susemiehl v. Red River Lumber Company,* 376 Ill. 138, 33, N.E.2d 211 (decided 1941).

In support of his argument that count three of the complaint states a cause of action plaintiff insists that *Holton v. Daly, supra,* has been overruled or if not overruled the doctrine of the case can and ought to be overruled.

Examining plaintiff's first contention regarding the present authority of the *Holton* case, we are required to consider *Saunders v. Schultz,* 20 Ill.2d 301, 170 N.E.2d 163 (decided 1960). In *Saunders* the surviving widow in such capacity sought recovery in a separate action for medical and funeral expenses from the alleged negligent party after her husband had died of his injuries. Based on the "Married Womens Act" and the "Family Expense Statute" the court concluded that the surviving widow was individually liable for the medical and funeral expenses incurred as a result of injuries to and the death of her husband. Furthermore such liability and the discharge thereof being consequentially related to and proximately caused by the tortious conduct gives rise to a separate and distinct action at common law. Such a cause of action is independent of either the survival of a personal injury action or wrongful death action, the only limitation being that such damages not have been recovered from the tort feasor in some other action. This might be regarded as the essential holding of the *Saunders* case in so far as the rule announced applied to the facts giving rise to the controversy and if this had been all the court decided there could and would have been no question regarding modification of the *Holton* rule. However the court went further and without explicit explanation concluded that the estate of the decedent was also entitled to an action for the recovery of medical and funeral expenses and decreed that "* * * all cases to the contrary are overruled".

■■ It is our conclusion that the "contrary holdings" referred to in the *Saunders* opinion apply only to holdings regarding recoveries of medical and funeral expenses and that such opinion neither explicitly nor implicitly extends beyond that area. In its prefatory remarks the court observes "* * * in resolving this issue, which is one of first impression for this court * * *". Such observation is preliminary to the court's discussion of a cause of action in favor of the surviving widow and as indicated by the court there were no prior Supreme Court decisions in this State holding either for or against the theory. Several Appellate Court decisions holding there is such a cause of action were referred to. Hence it cannot be said that the force of the court's opinion is directed toward modifying the relationship heretofore existing as interpreted by prior

decisions between the Survival Act and the Wrongful Death Act. See *Chidester v. Cagwin,* 76 Ill.App.2d 477, 222 N.E.2d 274, the most recent case discussing the application of the Saunders rule.

This brings us to plaintiff's argument that the rule abating a personal injury action where death results from such injuries ought to be reversed. It is plaintiff's major thesis that there ought to be no difference in the results so far as an action is concerned when a person dies of his injuries and when he dies of natural causes or as a result of other causes.

■■ From a historical perspective death resulting from tortious conduct has presented a wide variety of problems and evolving solutions. Without analyzing the evolution of the problem and tentative solutions in detail it is sufficient to say that they have involved the concurrence of legislative policy and judicial interpretation. The Wrongful Death Act represents the basic legislative policy of our State regarding this problem. At its inception such statutory policy was a drastic modification of the common law. Generally speaking such legislative enactment adopts the "Loss to Survivors" philosophy and both the abatement of the personal injury action in *Holton* as well as the result in *Saunders* are consistent with such philosophy. That there may be other methods or policies regarding the consequences and effects of wrongful death is evident from the divergent views of other jurisdictions. Indeed the nature of the argument expounded suggests its appropriateness as a legislative consideration and not a judicial imperative. As observed in *Molitor v. Kaneland Community Unit Dist.,* 18 Ill.2d 11, 163 N.E.2d 89, "* * * when a rule of law has once been settled such rule ought to be followed unless it can be shown that serious detriment is thereby likely to arise prejudicial to public interest". In our view this case presents no detrimental prejudice to the public interest which requires or authorizes judicial approval or adoption of plaintiff's theory.

For the foregoing reasons the judgment of the Circuit Court of La Salle County is affirmed.

Judgment affirmed.

ALLOY, P. J., and SCOTT, J., concur.