**J. J. O'Haran, Appellee, v. Leonard Leiner, Appellant.**

Opinion filed June 14, 1940.

BEASLEY & ZULLEY, of East St. Louis, for appellant.

WHITNEL, BROWNING, LISTEMAN & WALKER, of East St. Louis, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of St. Clair county, Illinois, in the sum of $200, entered in favor of J. J. O'Haran, appellee (hereinafter called plaintiff), and against Leonard Leiner, appellant (hereinafter called defendant).

The action was originally instituted in the court of a justice of the peace, against defendant and his wife, and in such court a judgment had been entered against both defendant and his wife for the sum of $250. Defendant alone appealed to the circuit court from such judgment entered in the justice of the peace court.

In the circuit court a jury was waived and the matter was tried by the court and judgment for $200 was therein entered against defendant. The action of the plaintiff was instituted to recover damages in the amount of the reasonable cost of repairs to plaintiff's automobile for damage caused to such automobile as a result of a collision with the automobile of defendant, which at the time of the accident, was being driven at an intersection in East St. Louis, Illinois by defendant's wife. The evidence disclosed that at the time of

the accident, and for a long time prior thereto, the defendant, his wife, and their six-year-old daughter, resided together in East St. Louis, Illinois. Defendant's wife was not employed in any capacity, but received her only income from her husband, which income was to be used by her for household and family expenses, including clothing and other expenses of defendant's child. During the afternoon on which the accident occurred, while defendant was away at his work, defendant's wife was in the process of taking their daughter in the automobile of defendant to a downtown store for the express purpose of buying a "25c" Halloween party dress for the six-year-old girl. While the defendant's wife was en route to the store the accident occurred. Motions to find for and enter judgment in favor of defendant were filed at the close of the plaintiff's case and at the conclusion of all the evidence in the case, but both motions were denied. Error is assigned on the denial of such motions, and generally to the effect that the court erred in entering judgment against the defendant in this cause.

The only contention made by the defendant, in substance, on appeal in this cause is, that the defendant was not liable for the tort of the wife under the facts in this case. It is pointed out that in the determination of the case in the circuit court below, the plaintiff took the position that the defendant was liable to plaintiff for the tort of the wife of defendant on the theory that she was, at the time of the accident, on a family errand, and thus was acting as agent of the defendant, her husband. Defendant contends that the evidence does not justify such conclusion, and that this case is not controlled by the decision of *Graham v. Page*, 300 Ill. 40.

While it is clear that, under the law of this State, the so-called "family purpose doctrine" is not in force (*White v. Seitz*, 342 Ill. 266; *Andersen v. Byrnes*, 344 Ill. 240), and while it is likewise true that a husband is not ordinarily liable for his wife's torts, except in

cases where he would be jointly responsible with her if the marriage relationship did not exist (Ill. Rev. Stat., 1939, ch. 68, par. 4 [Jones Ill. Stats. Ann. 64.04]) still, if the wife was, at the time of the commission of the tort, acting in the capacity of agent of the husband, the husband may be held responsible for the wife's tort, under such circumstances (*Graham v. Page, supra; White v. Seitz, supra; Andersen v. Byrnes, supra*).

It is contended by the defendant that the fact that the husband knew nothing about the proposed purchase of the Halloween party dress, and the fact that such party dress was not a "necessity," distinguishes this case, on the facts, from *Graham v. Page* (*supra*), and under such set of facts, that a judgment could not be sustained in the instant case. This result is contended for pursuant to the doctrine of *Mosby v. Kimball*, 345 Ill. 420, 427 (approved in this court in *Jones v. Standerfer*, 296 Ill. App. 145, 150), to the effect that the relationship of master and servant, or principal and agent, must be shown to have existed at the time and with respect to the particular transaction out of which the injury arose, between the person at fault and the one sought to be charged for the result of the wrong.

We cannot agree with the conclusion of defendant in this connection. As was pointed out by the Supreme Court in *Andersen v. Byrnes, supra*, at p. 244, " . . . *Graham v. Page, supra* . . . was different in the circumstance that the driver of the car, the defendant's 16-year-old daughter was driving it on what was regarded by the Court as a family errand. . . . The liability was distinctly held not to rest on the relation of parent and child, but on that of master and servant, or principal and agent." It is thus clear that the Supreme Court in the *Andersen* case, in interpreting the case of *Graham v. Page*, indicated that the rule established in the Supreme Court was one which was predicated on the fact that agency may be established by a showing that the member of the family engaged in driving the automo-

bile was on a "family errand." In the *Graham* case the fact that the daughter was driving on a family errand, as contrasted with merely driving for her own pleasure, was deemed sufficient to establish the relationship of master and servant because of the fact that it was the business or duty of the father to provide for repairing of the daughter's shoes, and that she was deemed to be the agent of her father in the performance of that duty or business with the means (the automobile) authorized by him (*Graham v. Page, supra*, at p. 43). There is nothing in such case or in any of the cases which this court has been able to discover, which limits the doctrine to family errands connected with the purchase of "necessities."

We appreciate that liability of a husband for a wife's tort must be strictly limited on a basis of the relationship of principal and agent, or master and servant, and does not arise by virtue of the relationship of husband and wife. Where family expenses, or family errands for the purpose of making family expenditures, are undertaken by a wife, with the means provided by the husband, as was true in the instant case, we feel, however, that the agency of the wife in connection with the making of such expenditures, or in engaging upon family errands for which a responsibility might otherwise have been imposed upon a husband, is established when it is shown that the wife was in fact on a family errand of such character.

A husband is chargeable with family expenses (Ill. Rev. Stat. 1939, ch. 68, par. 15 [Jones Ill. Stats. Ann. 64.15]), and such "family expenses" and "necessities" are not necessarily synonymous (*Mandel Bros. v. Ringstrom*, 189 Ill. App. 564). What is a family expense, or a family errand, is a question of fact (*Vercler v. Jansen*, 96 Ill. App. 328), which may be determined by the court in absence of a jury.

We are aware of the fact that the doctrine of implied agency, which was the foundation of *Graham v. Page*,

*supra,* should not be extended beyond the limitations of acts in the furtherance of family errands for the purpose of making family expenditures, or otherwise in pursuance of what may logically be construed as the ''business'' or ''duty'' of the husband or father. To permit a recovery where the family member was engaged in an errand to procure repairs to her shoes (as was true in *Graham v. Page*), and to deny liability where the errand entailed the purchase of a cheap party dress for the child of a defendant (as was true in the instant case) would, in the opinion of this court, not be a sound or reasonable basis of distinction. We do not feel that the doctrine of implied agency, which has been consistently stated to be the foundation of liability in cases of this character, should, or was intended to, be restricted to family errands involving purchases of necessities alone. We, accordingly, conclude that the court below did not err in denying defendant's motions, or in entering judgment in favor of plaintiff.

The judgment of the circuit court of St. Clair county is, therefore, affirmed.

*Affirmed.*