Paul Staken, Jr., Paul Staken, Jr., as Administrator of the Estate of Paul Staken, Sr., Deceased, and Mary Staken, Plaintiffs-Appellants, v. Frank Shanle, Defendant-Appellee.

Gen. No. 10,233.

Third District.

October 26, 1959.

Rehearing denied December 21, 1959.

Released for publication December 21, 1959.

Traynor and Hendricks, of Springfield, and Irving N. Stenn, of Chicago, for plaintiffs-appellants.

Harold F. Trapp, Jr., of Lincoln, for defendant-appellee.

JUDGE ROETH delivered the opinion of the court.

This suit was brought by Paul Staken, Jr., individually and as administrator of the estate of Paul Staken, Sr., and by Mary Staken, widow of the deceased. The suit arose as a result of a collision between an automobile being driven by Paul Staken, Jr., in which his father, Paul Staken, Sr., was riding, and a truck being driven by defendant. As a result of the collision Paul Staken, Jr. was seriously injured and Paul Staken, Sr. received injuries from which he subsequently died.

The complaint consisted of four counts and on plaintiffs' motion count 3 was dismissed. Count 1 was for injuries sustained by the son, count 2 by the administrator under the Wrongful Death Act for the

death of the father, and count 4 by the widow for funeral expenses incurred and paid by her. Defendant moved to dismiss the complaint and the lower court sustained the motion as to count 4 and denied the motion as to counts 1 and 2. Plaintiff Mary Staken stood on her complaint as to count 4 and the court entered judgment accordingly. The case was tried before a jury and verdicts were returned in favor of the defendant as to counts 1 and 2. Plaintiffs moved for a new trial as to counts 1 and 2, and the court denied said motion and entered judgment accordingly. Plaintiff Mary Staken appeals from the judgment dismissing count 4 of the complaint and plaintiffs Paul Staken individually and as administrator appeal from the judgment entered on the jury's verdict in favor of the defendant as to counts 1 and 2.

The record shows that Paul Staken, Jr. and Paul Staken, Sr. had been on vacation in Arizona and were returning to their home in Cook County, Illinois. They had retired early the evening before in Mexico, Missouri, and started for home about 4:30 a. m. Paul Staken, Jr. was driving and his father was riding in the front seat. They passed through Springfield, Illinois and were proceeding along a paved two lane highway entering the village of Lake Fork, Logan County, Illinois. The highway was not posted and their car was travelling at the allowable limit of 65 miles per hour. As they approached the sign designating the village, the car was headed in a general northeasterly direction and at that point the driver took his foot off the accelerator and the speed of the automobile decreased to approximately 55 miles per hour. A gasoline station and restaurant were located on the south side of the highway to the plaintiff's right. There was a gravel driveway leading from the highway into the restaurant and gasoline station approximately 134 yards northeast of the sign designating Lake Fork.

Paul Staken, Jr., who was driving, testified that he saw the defendant's truck when their automobile was at a point even with the village sign and that the truck was some distance to the northeast of the driveway into the restaurant. It was in its proper lane driving between 15 and 20 miles per hour in a southwesterly direction. When the automobile being driven by Paul Staken, Jr. approached within 4 car lengths of the defendant's truck, and the truck was about even with the driveway to the restaurant, it turned into his lane intent on going into the drive and the collision occurred. He further testified that the speed of defendant's truck was reduced to 5 to 10 miles per hour at the time of the turn and was on an angle of approximately 30 degrees to the pavement, with the front end of the truck in the middle of his lane of the pavement when the accident occurred. He further testified that the defendant's directional lights were not on, at the time or before the turn. Defendant's testimony is essentially the same except in one important aspect. Defendant says that he saw plaintiff's automobile when it was approximately 550 yards southwest of his truck and he was approximately 120 yards northeast of the driveway leading into the restaurant; that at that point he turned into the opposite lane of traffic, that is, plaintiff's lane, turned on his directional lights and did not observe plaintiff's car again until it was only 2 or 3 car lengths away. Defendant testified that when he next noted plaintiff's car it was bouncing and weaving down the road as though the brakes had been applied 3 or 4 car lengths away and that his left front wheels were off the pavement when the collision occurred.

Photographs introduced into evidence by plaintiffs and the testimony establish that plaintiff's automobile left skid marks of 51 feet and these marks are in the approximate center of the right hand lane except

at the end, where they tail off to the right. From the photographs it is apparent that the impact occurred at the right front corner of both vehicles. Just prior to the collision the deceased called out "watch out" at which time the driver of the automobile applied the brakes. The automobile was owned by Paul Staken, Sr., and he was riding in the front seat to the right of his son, the driver.

We will first consider the contention that the lower court erred in dismissing count 4 of the complaint. By this count Mary Staken, the widow of Paul Staken, Sr., attempted to recover from the defendant the amount paid by her for the funeral expenses of Paul Staken, Sr. The complaint in all respects is similar to counts 1 and 2 with reference to the negligence of the defendant and her due care, and sets up as paragraph 10 the Family Expense Act (Chapter 68, Section 15, Smith Hurd Ill. Rev. Statutes 1957). That act reads as follows:

"The expenses of the family and of the education of the children shall be chargeable upon the property of both husband and wife, or of either of them, in favor of creditors therefor, and in relation thereto they may be sued jointly or separately."

She then alleged as paragraph 11 "that by reason of said statute and as a direct and proximate result of acts of the defendant herein alleged, plaintiff Mary Staken incurred and became liable for the funeral expenses of Paul Staken, Sr., in the amount of $2,231.50, and paid the same."

Defendant contends, and the lower court agreed, that for plaintiff Mary Staken to allege a good cause of action under this Act she must allege not only that she "became liable" for the funeral expenses and "paid the same" but that the deceased's estate was not sufficiently solvent to pay this expense and that

274

she has not been reimbursed out of the husband's estate for these expenses.

It must be first noted that this court held in Thompson v. City of Bushnell, 346 Ill. App. 352, 105 N.E.2d 311, that a widow has, under the Family Expense Act, a cause of action for funeral expenses against a third party tort feasor who caused the death of her husband. Nothing in the opinion restricted it in the manner propounded by the defendant or the lower court. Defendant contends, however, that inasmuch as the estate is liable for the funeral expenses and the administrator does not have the right to bring a suit for such funeral expenses against a third party tort feasor, plaintiff could not create a cause of action by paying these expenses where the estate was in fact solvent.

 There can be no question that under the Family Expense Act the wife is liable for the expenses of the funeral of her spouse. Fortner v. Norris, 19 Ill. App.2d 212, 153 N.E.2d 433. Likewise the husband is liable for the funeral expenses of his wife. At common law and independent of the Family Expense Act the husband was liable for his wife's funeral expenses. Gustin v. Bryden, 205 Ill. App. 204; In re Hart's Estate, 339 Ill. App. 280, 89 N.E.2d 747. In these cases the court held the husband could not recoup from the estate of the wife for the funeral expenses he had paid. If therefore the husband cannot recover from the wife's estate for such expenses, it would be incongruous to hold that the wife could recover from the husband's estate, the law respecting the primary obligation for family expenses of each of them being the same. The liability for such funeral expenses attaches to the widow under this Act and she cannot be considered as an interloper in having paid a debt for which she is liable. The fact that someone else may have also been liable for these expenses, that is the estate of

the deceased husband, should be of no concern to the tort feasor. Her liability by the Act is not conditioned on the ability or the inability of the estate to pay such funeral expenses and if she acknowledges her obligation by making the payment she has a cause of action irrespective of the solvency of the estate. If in fact she has paid the funeral expenses and the husband's estate is solvent, then under the rule in Gustin v. Bryden, supra, and In re Hart's Estate, supra, the wife could not obtain reimbursement for the payment of these expenses from the husband's estate. To hold otherwise would be to set a different standard for the widow and overlook the cases that hold a wife's liability under the Act is in all respects like that of the husband. We feel this should not be done. She cannot recover for those expenses from her deceased husband's estate and an allegation to the effect that she has not been reimbursed by the estate would serve no purpose. We are therefore of the opinion that the trial court erred in dismissing count 4 of the complaint.

■■ Plaintiffs next contend that the court erred in giving defendant's instructions 2 and 9 and in refusing to give plaintiffs' instruction 15. *It is to be noted that all of these instructions are referable to the administrator's cause of action set out in count 2 and do not in any way bear upon the cause of action of Paul Staken, Jr., as set out in count 1. The error, if any, is therefore limited to the administrator.* Only one of these instructions need be examined. Defendant's instruction 9 is as follows:

"The Court instructs the jury that if you, the jury, believes from the greater weight of the evidence, that upon the date and occasion of the collision in question, Paul Staken, Jr., was driving and operating the Ford automobile owned by the decedent, Paul Staken, Sr., and that at such time and place the said Paul

276

Staken, Sr., had not abandoned his right of control of the said automobile, or over the driver in the operation of the vehicle, or that the trip was for the benefit of the said Paul Staken, Sr., or for the mutual benefit of Paul Staken, Sr. and Paul Staken, Jr., then the negligence of the said driver, Paul Staken, Jr., if any there be, may be imputed to the decedent, Paul Staken, Sr., and if the jury further believe from the greater weight of the evidence that at the time and place of the collision in question, the driver, Paul Staken, Jr., was guilty of negligence which proximately contributed to cause the injuries to the said Paul Staken, Sr., then under the law the negligence of the said Paul Staken, Jr., if any there was, is imputed to and becomes the negligence of the decedent, Paul Staken, Sr., and you may find the defendant not guilty."

By this instruction the jury was told in effect, that the negligence of Paul Staken, Jr., as driver of the automobile was imputed to Paul Staken, Sr., the owner of, and rider in the automobile, if the jury found (1) that Paul Staken, Sr. had not abandoned his right of control over the automobile or over the driver *or* (2) that the trip was for the mutual benefit of Paul Staken, Jr. and Paul Staken, Sr. This instruction is clearly erroneous. The general rule is that negligence of a driver of an automobile is not imputed to a passenger. This rule is subject to the exceptions of where the relation of respondeat superior between driver and passenger is present or the parties are engaged in a joint enterprise. Considering first the element of abandonment of control, defendant contends that Brooks v. Snyder, 302 Ill. App. 432, 24 N.E.2d 55, supports the language used in the instruction. An examination of this case reveals that the decision is premised on the fact that the owner and driver were engaged in a joint enterprise. Thus the case falls within the rule that negligence of the driver is imputable to the passenger

if they are engaged in a joint enterprise and the element of abandonment of control over the automobile or driver is not involved. The correct rule to be applied where this element is involved is stated in Palmer v. Miller, 380 Ill. 256, 43 N.E.2d 973. Thus where the owner is riding in his automobile being driven by another, *he, the owner,* is under a duty to control the driver and the operation of the automobile if he has not abandoned the right to control the operation of the automobile. *He, the owner,* is chargeable with *his own* negligence in failing to perform his duty. It is not the failure of the driver to perform some duty which the driver has, that makes him so chargeable, but the non-performance of the duty which he as owner has. The owner is chargeable with negligence not on the theory that the negligence of the driver is imputed to him but on the theory that the owner himself is negligent. This distinction is further illustrated by Kitch v. Adkins, 346 Ill. App. 342, 105 N.E.2d 527. It was therefore error to tell the jury that the negligence of the driver was imputed to the deceased if the deceased had not abandoned his control over the automobile or the driver. So far as the element of mutual benefit is concerned we are of the opinion that it was not applicable to this case. When the authorities speak of operation of an automobile for the mutual benefit of the driver and passenger, they refer to operation of an automobile in a joint enterprise. No theory of joint enterprise was advanced by the pleadings, nor would the proof sustain such a theory. A mutual pleasure trip without more does not create a joint enterprise. When a journey in which the occupants of an automobile including the driver are participating, is itself a part of *business* enterprise in which the parties are mutually interested, or if there is a *prior* arrangement that there shall be a substantial sharing of expense, the parties can be said to be en-

278

gaged in a joint enterprise. Grubb v. Illinois Terminal Co., 366 Ill. 330, 8 N.E.2d 934.

As we have heretofore noted, the error in giving defendant's instruction 9 is referable only to the administrator's cause of action. No error in instructions is claimed by counsel for plaintiffs so far as it affects the cause of action of Paul Staken, Jr. This leaves therefore, only the single assignment of error as to Paul Staken, Jr., that as to him the verdict is contrary to the manifest weight of the evidence. We have carefully examined the evidence and are of the opinion that the evidence presented questions of fact for the jury as to the cause of action of Paul Staken, Jr. We are unable to say that the jury's verdict as to the cause of action of Paul Staken, Jr. was palpably wrong or that an opposite conclusion was clearly evident.

For the foregoing reasons the judgment of the Circuit Court of Logan County is affirmed as to Paul Staken, Jr., and reversed and remanded as to plaintiffs Mary Staken and Paul Staken, Jr., Administrator of the estate of Paul Staken, Sr., with directions to overrule the motion to dismiss count 4 and require defendant to answer said count and to grant the administrator a new trial as to count 2.

Affirmed in part and reversed and remanded in part.

REYNOLDS and CARROLL, JJ., concur.