IDA MAE SCOTT, Plaintiff-Appellee, *v.* EVERETT C. VALENTINE, Defendant-Appellant.

(No. 70-97; ▮▮▮▮▮)

Second District—March 22, 1971.

*Rehearing denied April 27, 1971.*

GUILD, J., dissenting.

Maynard & Brassfield, of Rockford, for appellant.

Pedderson, Menzimer, Conde & Stoner, of Rockford, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

Ida Mae Scott brought suit against Everett C. Valentine for injuries allegedly suffered by her in an automobile accident caused by his negligence. At the time of the accident the plaintiff was a passenger in an automobile owned by her and driven by her 18 year old daughter, Frankie Scott. Valentine subsequently sued Frankie Scott for damage to his automobile caused by the accident and the two suits were consolidated for trial. At the close of the evidence, the court gave the following special interrogatory tendered by the defendant, to the jury:

"Does the jury find, from a preponderance of the evidence, that Frankie Scott was guilty of contributory negligence immediately before and at the time of the occurrence in question which proximately caused or contributed to cause the alleged injuries?"

A similar special interrogatory was given in regard to the contributory negligence of Valentine in regard to his claim for damages. The jury answered "Yes" to both special interrogatories and returned a general verdict in favor of Ida Mae Scott in the amount of $3500.00. Valentine filed a post trial motion to set aside the general verdict and to enter judgment in favor of the defendant to conform to the answer of the special interrogatory. The plaintiff answered the motion and asked that it be denied and that judgment be entered on the verdict or, in the alternative, to grant a new trial. On April 17, 1970, the court entered an order that found that the special interrogatory submitted by Valentine was improper in form and that the affirmative answer was occasioned by the confusion of the jury. It further found that the answer to the interrogatory was against the manifest weight of the evidence. The court denied Valentine's

post trial motion, denied the plaintiff's motion for judgment on the verdict, set aside the answer and granted the plaintiff's alternative motion for a new trial. The defendant appeals from that order.

The accident occurred at approximately 10:40 A.M. on September 30, 1966, at the open, uncontrolled intersection of 9th Avenue and 8th Street in the City of Rockford. Frankie Scott was driving east on 9th Avenue in her mother's 1962 Chevrolet with Ida Mae seated to her right in the front seat. They had left their home only moments earlier and intended to stop for breakfast at a cafe and then pick up Mrs. Scott's paycheck at her place of employment. Frankie testified that when she reached the intersection, she stopped the car, looked to the right and saw a black car coming north on 8th Street about a block away. She looked to the left and started into the intersection and was about half way through when she looked again to the right and saw the oncoming car a half block away. The next thing she knew, her car was struck in the right rear. Frankie said she was going about 15 M.P.H. at the time of the collision and that she did not apply her brakes.

Ernest Valentine said he was driving north on 8th Street about 20-25 M.P.H. in his 1966 Cadillac and was only a car's length from the intersection when he saw the Scott car going east about 35 to 40 M.P.H. He applied his brakes and skidded into the intersection striking the other car with the front end of his automobile. Valentine testified that he did not see the Scott car stop or attempt to slow down. Valentine's car left 33 feet of skid marks beginning 14 feet south of the intersection and was stopped at the point of impact. The Scott car traveled 22 feet after the impact and left no skidmarks.

We cannot agree that this evidence would establish that the affirmative answer of the jury to the special interrogatory relative to the contributory negligence of Frankie Scott was against the manifest weight. However, the answer to that interrogatory was not necessarily a contradiction of the general verdict unless Ida Mae Scott was chargeable with the driving of her daughter.

The Plaintiff tendered an instruction to the effect that Ida Mae Scott would be chargeable with her own negligence but not necessarily with the negligence of her daughter. The Court refused the instruction and ruled in response to a motion of the defendant that the negligence of Frankie Scott, if any, was imputed as a matter of law to the plaintiff. The court quoted at length from the case of *Simaitis v. Thrash* (25 Ill.App.2d 340) as authority for so holding, specifically citing the following that appears on page 351 of that opinion:

"Where an owner is a passenger in his automobile at the time of an accident, he is liable for the negligence of the driver of his automobile

if (1) he has not abandoned his right to control the automobile, or (2) if he exercises or has a right to exercise any control over the driver or the operation of the automobile, or (3) if the ride is for his benefit or the mutual benefit of himself and the driver. *Palmer v. Miller*, 310 Ill.App. 582, 35 N.E.2d 104; *Palmer v. Miller*, 380 Ill. 256, 43 N.E.2d 973."

The *Simaitis* case was actually reversed on the grounds that the court improperly granted a motion for summary judgment where there was a serious disagreement on the material facts, and the pronouncement on imputed negligence was, therefore, *obiter dicta*. In any event, the court apparently misread the *Palmer v. Miller* case where the rule was stated as follows:

"The rule is that liability for damage caused by the negligent act of the driver of an automobile, not arising under the doctrine of respondeat superior, does not attach against a person other than the driver, unless that person is the owner of the automobile or possesses the right to control it, *and* such owner or possessor is riding in the automobile at the time of the injury and *negligently fails* to properly control the driver." (Emphasis added) *Palmer v. Miller*, 380 Ill. 256, 260.

■■ The proper interpretation of the *Miller* case is that although the owner-passenger of an automobile is chargeable with his own negligence in failing to perform those duties imposed upon him by the law, including his duty to control the driving of the car, he is not chargeable with the negligence of the driver by imputation. "The owner is chargeable with negligence not on the theory that the negligence of the driver is imputed to him but on the theory that the owner himself is negligent." *Staken v. Shanle*, 23 Ill.App.2d 269, 278.

Unfortunately the *Simaitis* case has been cited to the effect that the negligence of the driver is imputed to the owner-passenger in some subsequent cases. (*Lilegdon v. Hanuska*, 85 Ill.App.2d 262; *Hession v. Liberty Asphalt Products, Inc.*, 93 Ill.App.2d 65.) In the *Lilegdon* case the jury was instructed that the negligence of the driver, John Lilegdon, would be imputed to his wife while she was a passenger if it was determined she was a co-owner of the automobile and the ride was for their mutual benefit even where the evidence showed she neither had a driver's license or knew how to drive a car.

■■ The most recent expression of the Supreme Court on the subject was in *Summers v. Summers*, 40 Ill.2d 338, where it was stated as follows, p. 343:

"In substance, this defense rests on the theory that the negligence of a defendant driver is imputable to an owner-passenger when the

latter does not relinquish control of the vehicle to the former. This theory is not well taken because the negligence of a driver is not imputed to an owner-passenger in the absence of the relationship of *respondeat superior* or the existence of a joint enterprise. [Citing the *Palmer* and *Staken* cases, *ibid.*] An owner-passenger is chargeable for his own negligence on failing to perform his duty to control a driver, but the negligence of the driver is not imputable to him * * *."

■■ We conclude, therefore, that the holding of the trial court that the negligence of Frankie Scott was imputed to Ida Mae Scott as a matter of law was in error. As a result, the court was faced with the dilemma created by the apparent contradiction between the general verdict and the answer to the special interrogatory. Under the circumstances, the special interrogatory was improper without further instruction and the court correctly set aside the answer and granted a new trial. The order of the trial court will be affirmed.

Judgment affirmed.

SEIDENFELD, J., concurs.

Mr. JUSTICE GUILD dissenting:

While I agree with the majority opinion in its discussion of the repudiation of the doctrine of imputed negligence in the case of a passenger not engaged in a joint enterprise or mutual benefit trip, I disagree with the result obtained in the instant case.

The interrogatory given relative to the contributory negligence of Frankie Scott, the driver, was given at the request of the defendant. The majority holds that this interrogatory was improper without further instruction. That may well be, but this was the defendant's requested interrogatory, if he chose not to give any "further instruction" that should certainly not be held against the plaintiff.

Secondly, the majority hold that an instruction should have been given to the effect that Ida Mae Scott, the passenger, would be chargeable with her own negligence and not that of her driver. This was plaintiff's instruction. It was not given. Nonetheless, the jury brought in a verdict for her in the sum of $3,500. Certainly defendant cannot now claim that this instruction should have been given.

The Motion of the plaintiff for judgment on the verdict of the jury should have been given. I would reverse the lower Court and direct the Court to enter judgment for the plaintiff.