ARNOLD ELLIS, Plaintiff-Appellee, *v.* EVERETT HOWARD, Defendant-Appellant.

(No. 71-81;

Third District—April 18, 1972.

David B. Mueller, of Peoria, for appellant.

Joseph R. Napoli, of Peoria, for appellee.

Mr. PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellee, Arnold Ellis, brought this action in the Circuit Court of Fulton County against Everett Howard, Defendant-Appellant, seeking to recover damages on account of alleged negligence. The jury awarded plaintiff damages of $7,000 upon which judgment was entered. Post trial motions were denied.

Plaintiff and defendant had been acquaintances for over fifteen years. Ellis was employed by International Harvester and Sears & Roebuck. In addition Ellis did construction and remodeling work on the side and had done so for about twenty-five years. In the early part of April, 1968, defendant Howard employed plaintiff Ellis to do some interior paneling and other remodeling, Ellis receiving $3.00 per hour for such work. A power bench saw belonging to Howard was taken by Howard and Ellis to the job site at about the time the work began.

On May 18, 1968, the parties were paneling in the living room and needed a strip of masonite two inches wide to complete a section of the work. Ellis took a sheet of masonite approximately four to six feet long and ten to fifteen inches wide into the bedroom where the bench saw was located. According to Ellis' testimony he decided to use the bench

saw in order to avoid nicking the narrow strip desired. He adjusted the bench saw for the width required, turned it on and began pushing the sheet through the saw. Defendant Howard was on the other side of the saw pulling the sheet toward him. In order to prevent the sheet from raising on the blade and nicking the strip Ellis endeavored to place his left hand on the sheet near the rear of the saw and in so doing his fingers passed through the saw blade cutting three of his fingers and ultimately resulting in partial amputation of the index finger.

According to Howard's testimony he had purchased the bench saw new some fifteen years ago. At the time of the purchase the saw was equipped with a metal pivoted safety guard which Howard removed some time thereafter and did not replace. The purpose of the guard was to prevent fingers from coming into contact with the saw blade.

According to the issues instruction given to the jury it was charged "* * * that the defendant negligently allowed plaintiff to use the power bench saw when the plaintiff knew that the safety guard had been removed from said saw * * *". The issues instruction included the usual other allegations of absence of contributory negligence, proximate cause and damage together with defendant's denials.

In seeking to reverse the judgment of the trial court defendant argues the evidence is insufficient as a matter of law to support the charge that he was negligent, that the plaintiff was free from contributory negligence or that defendant's negligence proximately caused the plaintiff's injury.

■■ The general rule is that usually issues of negligence, contributory negligence and proximate cause are matters of fact to be submitted to and resolved by the trier of fact. (*Murphy v. Vodden,* 109 Ill.App.2d 141.) Deciding such issues as a matter of law is only appropriate where the evidence considered as a whole in its aspect most favorable to plaintiff so overwhelmingly favors defendant that no contrary verdict can stand. (*Pedrick v. Peoria & E. R. R. Co.,* 37 Ill.2d 494, 229 N.E.2d 504.) According to defendant Howard each of the parties had equal knowledge and experience both of general construction and remodeling methods, and the use of tools. Such knowledge and experience included a mutual awareness that the bench saw was a dangerous tool and hence the duties of each with respect to the saw were the same. If the defendant was negligent so was the plaintiff or conversely if the plaintiff was not negligent then neither was defendant. It is further defendant's argument that the absence of the safety guard was not the proximate cause of the injury but rather plaintiff's own conduct in pushing or passing his hand across the saw blade.

■■ It is our conclusion that the evidence is sufficient to raise disputed factual issues respecting the claim of negligence, freedom from contribu-

tory negligence and proximate cause authorizing submission to and resolution of by a jury.

According to Ellis he had never used the particular bench saw before, was not familiar with the general type of saw and was not aware either that the guard had been removed or that one was available for the saw because of its age. There was other testimony of the parties tending to show Ellis's experience or lack thereof. However it is undisputed that Howard bought the bench saw with a safety guard attached, that he had removed the safety guard and that he had allowed or proffered the use of the bench saw knowing that the safety guard had been removed. Under these circumstances the knowledge and conduct of defendant Howard was substantially different from that of Ellis and we believe it is sufficient to support the jury's verdict that Ellis exercised due care while defendant did not. Additionally we believe that the use of the saw without the safety guard which had been removed by defendant could have been considered by the jury as the proximate cause of plaintiff's injury. The guard was specifically attached for the purpose of preventing the user's fingers from passing across the blade and the jury could have inferred that the absence of the safety guard was the cause of the injury.

Defendant has directed our attention to three cases which hold as a matter of law that the injuries were the result of plaintiff's own contributory negligence and not any negligence of the defendant. They are *Ferguson v. Lunsbury*, 58 Ill.App.2d 456; *Howell v. Briney*, 125 Ill.App. 2d 246, and *Willis v. Paul*, 24 Ill.App.2d 417. We have examined each of the cases but other than for the general propositions of law we believe they are inapplicable to this case requiring a determination in favor of defendant as a matter of law. Although there may be other differences the principal difference between the case at bar and those cited by defendant is that in none of the cases did the defendant employer permit or allow the use of machinery after removing a safety device where the absence of such device resulted in injury.

For the foregoing reasons the judgment of the Circuit Court of Fulton County is affirmed.

Judgment affirmed.

SCOTT, ALBERT, and DIXON, JJ., concur.