Marie R. Coakley, Plaintiff-Appellant, *v.* Eugene Robert Nichols, Defendant-Appellee.

(No. 71-250;

Second District—December 11, 1972.

Tyler & Peskind, of Aurora, for appellant.

O'Brien, Burnell, Puckett & Barnett, of Aurora, for appellee.

Mr. JUSTICE ABRAHAMSON delivered the opinion of the court:

The plaintiff, Marie Coakley, was injured as a result of a motor vehicle accident that occurred on March 21, 1969, at the intersection of Chestnut and Downer Streets in Aurora. On March 5, 1970, she brought suit against Eugene Nichols, the driver of the other vehicle, and the matter proceeded to trial, before a jury, on December 16, 1970. The jury rendered a verdict in favor of the defendant upon which the trial court entered judgment. On June 1, 1971, the court denied the motion of the plaintiff for judgment notwithstanding the verdict or, in the alternative, to set aside the verdict and grant her a new trial. This appeal followed.

The plaintiff contends that the jury was not properly instructed on the law of concurrent negligence and that her motion for judgment notwithstanding the verdict should have been granted since (a) the defendant was guilty of negligence as a matter of law; (b) the defendant's negligence was a proximate cause of the plaintiff's injuries as a matter of law; and (c) the plaintiff was not contributorily negligent as a matter of law.

The evidence showed that the plaintiff was a passenger seated on the right side of the front seat of an automobile owned by her and driven by her husband, Jack Coakley, at approximately 11:45 P.M. on the night the accident occurred. The Coakleys had just left the home of friends and were driving in a southerly direction on Chestnut Street. As they drove through the intersection of Chestnut and Downer Streets, their vehicle was struck near the driver's door by an automobile being driven in a westerly direction on Downer by Nichols. The collision occurred near the middle or southwest quadrant of the intersection.

Jack Coakley testified that he first observed Nichols driving west on Downer about ¾ths of a block, or 400 to 450 feet, east of the intersection. At that time, Coakley said he was 20 feet north of Downer and was traveling at about 20 m.p.h. He neither slowed or accelerated his vehicle but proceeded into the intersection and did not see Nichols again until the collision. The force of the impact hurled Coakley across the front seat against his wife, pinning her to the right side of the car.

Marie Coakley also testified that her husband was driving approximately 20 m.p.h. and that they were about 20 feet north of the corner when they first saw Nichols. She estimated that he was about ½ a block east of the intersection at that time. She saw that her husband also looked to his left and she said nothing to him as they drove into the intersection. The next thing she remembered was the lights from Nichols' car and the impact. She also testified as to the injuries suffered by her as a result of that impact.

Eugene Nichols testified that he was driving in a westerly direction on Downer with a passenger, Thomas Buckley, at approximately 30 to 35

m.p.h. When he was about 20 feet from the intersection, he noticed the Coakley automobile approximately 40 to 50 feet north on Chestnut coming at a fast rate of speed. He immediately applied his brakes and swerved to his left but was unable to avoid a collision with the other vehicle.

Police Officer William Jacobs testified that he arrived at the scene after the accident and was told by Jack Coakley that he "was going sort of fast and that he didn't see the other car coming up Downer."

The plaintiff argues, and we agree, that the jury could reasonably have concluded from the evidence before it that both Jack Coakley and the defendant were negligent and that the negligence of each was a proximate cause of her injuries. Since, the plaintiff maintains further, the negligence of a third person, not a party to the action, is not a defense to a defendant whose negligence was a concurrent proximate cause of a plaintiff's injuries, the court should not have refused her proffered instruction on concurrent negligence. That instruction (being I.P.I. Instruction No. 12.04) was as follows:

> "More than one person may be to blame for causing an injury. If you decide that the defendant was negligent and that his negligence was a proximate cause of injury to the plaintiff, it is not a defense that some third person who is not a party to the suit may also have been to blame."

There does not appear to be any reported cases where it has been held that the refusal to give I.P.I. Instruction 12.04 was considered prejudicial error. In any event, we question the propriety of the instruction under the facts of this case and in view of the other instructions given to the jury.

■■ It is well settled in Illinois that an owner of an automobile, while riding as a passenger in it, not only retains the power and right to control its operation, unless that right has been abandoned or contracted away, but has the duty to control the driver. (*Palmer v. Miller*, 380 Ill. 256, 260; *Simaitis v. Thrash*, 25 Ill.App.2d 340, 351.) The owner is thus under a duty to control the operation of the owned vehicle and is chargeable with his own negligence, not the negligence of the driver, in the performance of that duty. (*Scott v. Valentine*, 268 N.E.2d 485, 487; *Staken v. Shanle*, 23 Ill.App.2d 269, 279.) Nevertheless, to properly assess the performance of the owner passenger's duty to control the driver, the jury must obviously consider the operation of the driver as well. In that instance, I.P.I. instruction 12.04 might very well be misleading since it tends to indicate that the operation of the automobile by the driver is not an issue to be considered. Under these circumstances, we are of the opinion that the trial court properly refused the proffered instruction particularly since

it appears that the jury was otherwise adequately instructed. *McCormack v. Haan*, 30 Ill.App.2d 311, 315.

It is evident even from our brief narration of the evidence that there were substantial areas of disagreement to be resolved by the jury. Although the Coakleys testified that they were driving approximately 20 m.p.h. immediately before the impact, the testimony of both the defendant and Officer Jacobs would tend to prove otherwise. If, as the defendant contends, the evidence showed that Jack Coakley proceeded into the intersection at a high rate of speed, without observing the defendant, the jury could well have concluded that the plaintiff was contributorily negligent in her failure to adequately control the operation of her automobile. It is uncontroverted that only the defendant made any effort to stop before the collision. His testimony that he was driving within the speed limits was supported by his passenger.

■■ A judgment notwithstanding the verdict, like a directed verdict, should only be granted where it appears that "* * * all of the evidence, viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510, 229 N.E.2d 504, 514.) Issues of negligence, contributory negligence and proximate cause are ordinarily matters of fact to be submitted to and resolved by the trier of fact. (*Murphy v. Vodden*, 109 Ill.App.2d 141, 146, 248 N.E.2d 327.) Such issues should be decided as a matter of law only where, in the language of the *Pedrick* case, the evidence considered as a whole in its aspect most favorable to the other party so overwhelmingly favors the moving party that no contrary verdict can stand. *Ellis v. Howard*, 4 Ill.App.3d 852, 854, 281 N.E.2d 793, 795.

■■ We feel that the evidence in this case raised disputed factual issues respecting the claims of negligence and freedom from contributory negligence advanced by the plaintiff and that the verdict was not against the manifest weight of the evidence.

For that reason we are of the opinion that the trial court properly denied the plaintiff's motion for judgment notwithstanding the verdict and that the judgment should be affirmed.

Judgment affirmed.

GUILD and T. MORAN, JJ., concur.