RANDY HODGE, a Minor, by JIMMY HODGE, His Father and Next Friend; et al., Plaintiffs-Appellants, v. ANTHONY BZDON, a Minor, by STANLEY BZDON, His Father and Next Friend, Defendant.—(SHEILA WILKENS CELLAK, Defendant-Appellee.)

(No. 60937;

First District (5th Division)—October 24, 1975.

Harold A. Liebenson, of Chicago, for appellants.

Jacobs, Williams and Montgomery, Ltd., of Chicago (Barry L. Kroll and Peter D. McClanathan, of counsel), for appellee.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Plaintiffs bring this appeal following the trial court's granting of defendant Cellak's motion for summary judgment. Both plaintiffs were respondents to the motion for summary judgment.

Facts pertinent to our consideration are as follows: On June 24, 1969, plaintiffs were injured when struck by an automobile operated by Anthony Bzdon, a minor, 15 years of age. Sheila Cellak, defendant, then a minor, and Kathleen Bzdon, sister of the driver, were occupants in the automobile. The vehicle was owned by Geraldine Hemm, the mother of defendant Cellak. Cellak and her mother testified that Cellak took the keys to the motor vehicle without permission. Kathleen Bzdon, however, in her deposition testified that when she inquired Cellak told her that she had permission to take her mother's keys and vehicle. Cellak's mother testified that Cellak had never before driven the vehicle and never had permission to do so.

Prior to the incident resulting in injury to the plaintiffs, Sheila Cellak, accompanied by Kathleen Bzdon, had driven the automobile to take clothing to a laundromat. While waiting for her clothes to be laundered Cellak, with Kathleen Bzdon as passenger, drove the vehicle around the neighborhood. While Cellak was driving she picked up Anthony Bzdon, brother of Kathleen Bzdon, who was on his way to his place of employment. Cellak continued operating the automobile until it side-swiped a parked vehicle. At that time she became nervous and no longer desired to operate the automobile and asked Anthony Bzdon if he would drive to complete the errands. Before turning over the driving of the vehicle to Anthony Bzdon, Cellak inquired as to whether Anthony Bzdon could drive and the question was answered by Kathleen Bzdon in the affirmative. Anthony Bzdon, without a driver's license, proceeded to drive the vehicle and was still the driver at the moment the incident occurred, resulting in plaintiff's injuries.

Plaintiffs then filed this negligence action against Anthony Bzdon, driver of the automobile when plaintiffs were injured and Sheila Cellak, occupant in the automobile at the time. The complaint charged both Anthony Bzdon and Cellak with negligence. The trial court upon finding there was no material issue of fact granted defendant Cellak's motion for summary judgment as a matter of law. It is from that order of the trial court that plaintiffs appeal.

194

On appeal, plaintiffs raise one issue for this court's consideration: whether the trial court erred in granting defendant Cellak's motion for summary judgment.

Plaintiffs place substantial reliance on the case of *Palmer v. Miller*, 380 Ill. 256, 43 N.E.2d 973 to support either of two theories upon which the trial court or a jury could have found Cellak liable and, therefore, should have denied the motion for summary judgment. First, that Cellak is guilty of negligence since she, as the possessor of the automobile, has the right to control the driving of said vehicle, and therefore owed the duty of controlling the driver and, secondly, that even if she was not negligent under the former theory, defendant Cellak and Bzdon were engaged in a joint enterprise for their mutual benefit, and the negligence of Bzdon may therefore be imputed to Cellak. We agree with plaintiffs' first stated contention, but disagree with the contention that Cellak and Bzdon were engaged in a joint enterprise.

In *Palmer v. Miller*, 380 Ill. 256, 43 N.E.2d 973, defendant Miller obtained permission to use his mother's automobile and drove with several friends to a dance. While attending the dance defendant Miller sustained an injury which necessitated that he be driven to a hospital. Plaintiff Palmer, a nurse, accompanied Miller and his friend, who was then the driver of the vehicle. Miller's friend drove the automobile off of a paved road and Palmer received serious injuries. Palmer sued the driver of the vehicle and Miller, the occupant-possessor.

Defendant-appellee Cellak also relies heavily on *Palmer v. Miller* and contends that that case enunciates the doctrine that for an occupant in a motor vehicle to be liable for injuries sustained that such occupant must be the owner of the vehicle who permitted some other person to drive. Hence the disposition of the case before us hinges on the interpretation of the total language of the Supreme Court in *Palmer*.

We hold that *Palmer* has application to a possessor-occupant as well as to an owner-occupant. Actually, *Palmer* involved the liability of a nonowner possessor-occupant and the court stated that under certain circumstances such a defendant could be found liable. A most important distinction between *Palmer* and the case before us is that in *Palmer* the complaint did not allege that the possessor-occupant was negligent by reason of his possession of the car with the duty to control the operation thereof, while in the instant case plaintiffs have alleged that the possessor-occupant, as well as the driver, is liable for her own negligent acts. We hold this distinction as crucial and the real basis for the Supreme Court's reversal of the trial and appellate court in *Palmer*. In *Palmer* the court stated at page 261 that if such allegations were present

in a case liability can be found against the possessor, in words as follows:

"There is nothing in the pleading in the case before us charging any such negligence against the appellant [the possessor-occupant]. The acts of negligence alleged are those of the driver, Park, which it is alleged are to be imputed to appellant. In those cases where the charge is that the appellant had the right to control and direct the use of the car, and was assisting in driving the same, using the driver as an instrumentality, such charge is an allegation of joint action and joint negligence and so amounts to a charge of negligence against the appellant personally, based upon his own acts." ("Possessor-occupant" added for clarity.) (380 Ill. 256, 261.)

The court again emphasized this distinction at page 262, when it noted:

"It will be noted that in the case before us the complaint contains no charge of any negligent act or failure to act on the part of the appellant."

■■ Cellak also contends that the word "owner" is used exclusively in *Palmer* and thereby contends that the decision has application only to an owner-occupant. We disagree. Although the word "owner" was used more frequently than "possessor," the court did use the words interchangeably. At page 260 the court said:

"The rule is that liability for damage caused by the negligent act of the driver of an automobile, not arising under the doctrine of *respondeat superior*, does not attach against a person other than the driver, unless that person is the owner of the automobile *or possesses* the right to control the driving of it, and such *owner or possessor* is riding in the automobile at the time of the injury and negligently fails to properly control the driver." (Emphasis added.)

■■ Defendant Cellak also contends that she abandoned the right to control the vehicle when she turned the driving over to Bzdon. Again we disagree. Merely because she used Bzdon as an instrumentality to drive does not mean that she had abandoned not only the driving of the automobile, but also her duty to control the operation of the vehicle.

It is fundamental that a summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party is entitled to summary judgment as a matter of law. Ill. Rev. Stat. 1973, ch. 110, par. 57(3); *Stein v. Baum,* 89 Ill.App.2d 142, 232 N.E.2d 96.

We believe there are at least two material questions of fact. (1) Whether Cellak was negligent in allowing Bzdon, whom she knew, or could have known was 15 years of age and did not have a driver's license,

to drive the vehicle; or (2) whether she continued to have control of the operation of the vehicle and was negligent in her control thereof.

Based on the views expressed herein, we reverse the summary judgment granted to Cellak and remand the cause for trial as to both defendants.

Reversed and remanded with directions.

DRUCKER and LORENZ, JJ., concur.