LOIS RITTER, Plaintiff-Appellant, *v.* EVELYN B. TAUCHER, Defendant-Appellee.

First District (5th Division)    No. 76-1236

Opinion filed September 29, 1978.

Herbert P. Veldenz, of Chicago, for appellant.

Tim J. Harrington, of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:
Lois Ritter brought this action seeking to recover damages from defendant on the grounds that defendant, either individually or through her servant or agent, negligently drove her automobile causing an

accident in which plaintiff suffered permanent injuries. At the conclusion of the presentation of evidence before a jury, the trial court granted defendant's motion for a directed verdict.

Although not clearly articulated by either plaintiff or defendant, this appeal raises these three questions: (1) whether a respondeat superior relationship existed between defendant and her son, the driver of the car; (2) whether defendant and her son were engaged in a joint enterprise; and (3) whether defendant was negligent in her failure to control the driver of her car. The trial court granted defendant's motion for a directed verdict on issue (1). On appeal, the parties raise issues (2) and (3) for the first time. We will discuss these issues only after considering the directed verdict on issue (1). We reverse and remand on the grounds that sufficient evidence was introduced to withstand defendant's motion for a directed verdict.

On the morning of January 3, 1971, plaintiff was riding as a passenger in a van driven by her husband, Robert Ritter (Ritter). Other members of the family, including their son-in-law, Tony Ricchetti (Ricchetti), were also riding in the van. They were travelling on route I-90 in a north-northwesterly direction on their way to Crystal Lake, Illinois. It had been snowing throughout the trip and was snowing heavily at the time of the accident. On that morning, defendant also was travelling in a north-northwesterly direction on route I-90. She had left her home in Chicago and was taking her son, Edward, back to college in Madison, Wisconsin. Edward had just spent the Christmas vacation with his family. Although there is some disputed testimony on the subject, as will be discussed shortly, it appears that he was driving defendant's car and defendant was riding in the front passenger's seat.

At around mile-post 19½, defendant's car went into a skid as it was attempting to pass plaintiff's van and collided with the van's right rear fender. As a result of the impact, defendant's car skidded across the two left lanes and came to rest on the median strip which divided northbound and southbound traffic. Plaintiff's van came to rest on the right shoulder of the roadway. Plaintiff testified that she was thrown forward as a result of the impact and her head hit the van's dashboard.

After the accident, Ritter and Ricchetti went over to defendant's car. At this stage, there is a dispute as to what next happened. Ritter and Ricchetti testified that defendant indicated to them that she was the owner and driver of the vehicle. Defendant and Edward testified that defendant had never stated that she had been driving the car. Edward further testified that he believed that he and his mother said that he was driving the car. All witnesses agree that defendant gave Ritter a written sheet of paper with her name, address, telephone number, and the car's license plate number on it after the accident.

Two days later, plaintiff went to her doctor and complained of head and shoulder pains which she attributed to the accident. This suit was instituted to recover damages for those injuries.

OPINION

■■ In granting a motion for a directed verdict, the trial court must determine that "all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14. See also *Coakley v. Nichols* (1972), 8 Ill. App. 3d 973, 976, 290 N.E.2d 315, 318.) Therefore, in this case, it is our responsibility to determine, with respect to each issue raised on appeal, whether all the evidence presented so overwhelmingly favors defendant that no contrary verdict based on that evidence can ever stand.

■■ We will assume, since it is not disputed on appeal, that defendant was riding as a passenger in a car which she owned. In automobile accident cases, an owner-passenger may be held liable for damages caused by the acts of his driver under two theories. Liability may be predicated on a theory of imputed negligence or on a theory of personal negligence. An owner may be liable on a theory of imputed negligence if (1) his driver is in fact negligent, and (2) there is either a respondeat superior or joint enterprise relationship between the owner-passenger and driver. (*Summers v. Summers* (1968), 40 Ill. 2d 338, 343, 239 N.E.2d 795, 799. See also *Staken v. Shanle* (1959), 23 Ill. App. 2d 269, 277, 162 N.E.2d 604, 608.) Liability also may be based on a theory that the owner negligently failed to control the driving of his car. *Palmer v. Miller* (1942), 380 Ill. 256, 261, 43 N.E.2d 973, 976. See also *Hodge v. Bzdon* (1975), 33 Ill. App. 3d 192, 194-95, 338 N.E.2d 136, 138-39.

●■ We will not consider here whether Edward was negligent since this issue has not yet been determined by the trial court. The first issue before us is whether there was a respondeat superior relationship between Edward and defendant. In order to determine the existence of a respondeat superior relationship we must look to the true relationship of the parties in this case. (*Hogan v. City of Chicago* (1943), 319 Ill. App. 531, 535-36, 49 N.E.2d 861, 863.) Liability does not arise merely from the relation of parent and child. (*Arkin v. Page* (1919), 287 Ill. 420, 422, 123 N.E. 30, 31. See also *White v. Seitz* (1930), 342 Ill. 266, 271, 174 N.E. 371, 373.) It arises from the "fact that the driver of the automobile was at the time [of the accident] engaged in doing the owner's business." *Arkin v. Page* (1919), 287 Ill. 420, 423, 123 N.E. 30, 31. See also *Graham v. Page* (1921), 300 Ill. 40, 43-44, 132 N.E. 817, 819.

■■ It is a rule of evidence that the "mere proof of one defendant's

ownership of an automobile driven by another defendant is *prima facie* proof of agency, which if not rebutted will support a judgment for plaintiff." (*Parrino v. Landon* (1956), 8 Ill. 2d 468, 470, 134 N.E.2d 311, 312. See also *Howard v. Amerson* (1925), 236 Ill. App. 587, 592-93.) In this case there is uncontradicted evidence that defendant owned the automobile being driven by Edward. Therefore, applying the law to the facts, proof of defendant's ownership is *prima facie* evidence that Edward is defendant's agent, and unless this evidence is rebutted, it will support a judgment for plaintiff.

Defendant contends that no agency relationship existed between Edward and her because she exercised no control over him while he was driving the car and because the purpose of the trip was social.

We have found that the existence of an agency relationship between a child-driver and his parent depends upon the nature of the business which the child is conducting by driving his parent's car. (*Graham v. Page* (1921), 300 Ill. 40, 43, 132 N.E. 817, 819. See also *White v. Seitz* (1930), 342 Ill. 266, 269-70, 174 N.E. 371, 372-73.) We find this to be the case whether or not the parent is riding in the car. In *Graham*, the court found an agency relationship when the child was driving her parent's automobile on a family errand. The child was using her father's car to pick up a pair of her shoes at a shoe repair shop. The court found it significant that the child was using the family car and that the father was under a duty to provide shoes for his child and to pay for repairs when necessary.

■■ Contrary to defendant's argument, the rule of *Graham* has not been repudiated or overruled by *White v. Seitz* (1930), 342 Ill. 266, 174 N.E. 371. *Graham* is still good law. In fact, a later case stated that an agency relationship can exist between a related driver and owner of a car even if the trip is not connected with the purchase of family necessities. (*O'Haran v. Leiner* (1940), 306 Ill. App. 230, 28 N.E.2d 315.) All that is required is that the driver be on some family errand and "[w]hat is a * * * family errand, is a question of fact." *O'Haran v. Leiner* (1940), 306 Ill. App. 230, 234, 28 N.E.2d 315, 317.

We think that there are sufficient facts in this case indicative of a family errand so that defendant's motion for a directed verdict should have been denied. The facts in this case reveal that defendant or her husband had driven Edward to school in the past. On this occasion, defendant was going to return Edward to school in her car. However, in this case, upon Edward's request, she permitted him to drive.

Additionally, Edward's financial condition indicates that he needed to rely upon his parents for transportation back to school. Defendant testified that Edward was unemployed and had his permanent residence at his parents' home. His parents paid his tuition and even paid the one toll that they were required to pay while travelling on I-90. No evidence was

elicited at trial which would support a finding that Edward was financially able to provide for his own transportation.

■■ The trial court found that this evidence was sufficient to rebut plaintiff's *prima facie* case and to take the case from the jury. We find that this evidence was sufficient to withstand defendant's motion for a directed verdict and we hold that the question of agency is a question of fact for the jury.

The second issue before us is whether defendant and Edward were engaged in a joint enterprise at the time of the accident. Plaintiff contends that defendant was engaged in a joint enterprise in that "there was a joint and mutual interest in returning her son to school." Defendant contends that "absent the existence of a business relationship there is no joint venture."

The leading case on joint enterprises is *Grubb v. Illinois Terminal Co.* (1937), 366 Ill. 330, 8 N.E.2d 934. The *Grubb* case involved a railroad-crossing accident in which plaintiff was injured while riding as a passenger in a car negligently driven by one of her sisters. The court found a joint enterprise based upon evidence that the sisters contributed to the payment of the expenses of the trip which was for the purpose of getting material to decorate their home. In finding a joint enterprise, the court noted that "[i]n such a case the possession of the vehicle is joint and each has a right to control its operation." 366 Ill. 330, 340, 8 N.E.2d 934, 939.

According to *Grubb*, there can be no joint enterprise between a driver of a car and a passenger unless their trip is "part of a business enterprise in which the parties are mutually interested." (*Grubb v. Illinois Terminal Co.* (1937), 366 Ill. 330, 339, 8 N.E.2d 934, 938.) This is true regardless of whether the passenger is the owner. 366 Ill. 330, 339, 8 N.E.2d 934, 938.

Since *Grubb*, courts have been reluctant to find a joint enterprise. In *Bridgewater v. Wagoner* (1960), 28 Ill. App. 2d 201, 170 N.E.2d 785, the court failed to find a joint enterprise on facts that plaintiff was injured while riding to work in a car pool in which the workers took turns driving their cars back and forth to work. A significant factor in the decision was that the workers did not share expenses. 28 Ill. App. 2d 201, 206, 170 N.E.2d 785, 788.

In *Smith v. Bishop* (1965), 32 Ill. 2d 380, 205 N.E.2d 461, the court did not find a joint enterprise on facts that plaintiff was injured while riding in a car driven by her husband and returning from a trip to the doctor for treatment of their son. Although it is obvious that the parents had a mutual interest in the trip, the court noted that "[t]here is no evidence of any business enterprise * * * nor do we see any reason that would justify extending the doctrine of the *Grubb* case to the present factual situation." 32 Ill. 2d 380, 385, 205 N.E.2d 461, 464.

Other courts also have refused to find a joint enterprise. (See, *e.g.*,

*Babington v. Bogdanovic* (1972), 7 Ill. App. 3d 593, 288 N.E.2d 40; *Robbins v. Campbell* (1966), 72 Ill. App. 2d 252, 218 N.E.2d 492; *Anthony v. New York Central R.R.* (1965), 61 Ill. App. 2d 466, 209 N.E.2d 686; and *Staken v. Shanle* (1959), 23 Ill. App. 2d 269, 162 N.E.2d 604.) In both *Babington* and *Staken,* the courts noted that "a mutual pleasure trip without more does not create a joint enterprise." 7 Ill. App. 3d 593, 599, 288 N.E.2d 40, 44; 23 Ill. App. 2d 269, 278, 162 N.E.2d 604, 609.

Although we do not think that the trip to the University of Wisconsin in the middle of a heavy snowfall was merely a "pleasure trip," we cannot find a joint enterprise under the facts of this case. There was no "common business purpose" to the trip. (*Babington v. Bogdanovic* (1972), 7 Ill. App. 3d 593, 288 N.E.2d 40, 44-45.) Although Edward had an interest as a student in returning to classes and defendant had an interest as a parent in Edward continuing his education, we find no business purpose in those interests.

■■ Additionally, there was no evidence that Edward shared expenses with defendant. All the evidence from the record indicates that he was financially dependent upon his parents. Considering the importance of the sharing of expenses in *Grubb* and *Bridgewater,* we find that this is further evidence that no business purpose existed here. Therefore, we conclude that under the facts in the present case there is no joint enterprise.

Our final issue on review is whether the defendant was negligent in failing to control the driver of her car. Although the resolution of this issue depends upon an interpretation of the pleadings, we will discuss the law in this area because there appears to be some confusion in the cases.

■■ An owner-passenger or a passenger who has possession of a vehicle may be held liable for damages caused by the negligent act of his driver despite the absence of any respondeat superior or joint enterprise relationship. (*Palmer v. Miller* (1942), 380 Ill. 256, 260-61, 43 N.E.2d 973, 975-76.) Liability is said to arise out of the owner-passenger or possessor-passenger's right to control the operation of the vehicle. *Palmer v. Miller* (1942), 380 Ill. 256, 260, 43 N.E.2d 973, 975-76.

Courts have disagreed over the theory of liability in cases of this nature. Some courts have said that the negligence of the driver will be imputed to the owner-passenger or the possessor-passenger if it can be shown that the owner or possessor has not abandoned control or the trip was for the mutual benefit of the driver and passenger. (*Simaitis v. Thrash* (1960), 25 Ill. App. 2d 340, 351, 166 N.E.2d 306, 311. See also *Hession v. Liberty Asphalt Products, Inc.* (1968), 93 Ill. App. 2d 65, 74-75, 235 N.E.2d 17, 22; *Lilegdon v. Hanuska* (1967), 85 Ill. App. 2d 262, 269, 229 N.E.2d 314, 318.) Other courts theorize that the negligence is that of the owner or possessor and require specific allegations of the owner or possessor's negligent failure to control the driving of the vehicle. (*Palmer v. Miller* (1942), 380

Ill. 256, 261, 43 N.E.2d 973, 976. See also *Hodge v. Bzdon* (1975), 33 Ill. App. 3d 192, 194-95, 338 N.E.2d 136, 138-39; *Scott v. Valentine* (1971), 132 Ill. App. 2d 101, 104-105, 268 N.E.2d 485, 487.) We find the latter theory to be the correct statement of the law.

Therefore, we must look to the pleadings and the proof to determine whether plaintiff has alleged negligence on the part of the defendant and has introduced evidence which will withstand defendant's motion for a directed verdict.

Defendant contends that plaintiff failed to properly allege negligence in her complaint. In paragraph 4 of her amended complaint, plaintiff alleges that:

> "The defendant, individually or by her agent in that respect was then and there guilty of one or more of the following acts of omission or carelessness and negligence:
> * * *
>
> (b) Defendant carelessly and negligently failed to keep her motor vehicle under proper control."

Defendant states that the proper allegation is that defendant failed to adequately exercise control arising out of her duty to control her driver. Apparently, defendant's argument is that without the words "arising out of her duty to control the driver" the complaint is deficient.

■■ We find defendant's contention tenuous. Although plaintiff's allegation is not as precisely stated as it could have been, it provides defendant with enough information to be advised of the case against her. (*Adams v. J. I. Case Co.* (1970), 125 Ill. App. 2d 388, 261 N.E.2d 1; Ill. Rev. Stat. 1977, ch. 110, par. 42(2).) By reading subparagraph (b) in conjunction with paragraph 4, defendant may be apprised of plaintiff's case. Thus, we find that plaintiff has made out the proper allegations.

As to the proof, we find enough evidence in the record to permit this case to go to the jury. Evidence was introduced at trial indicating that defendant had failed to give her son any instructions on operating the vehicle. Both defendant and Edward testified to this fact. We believe that, given the road conditions at the time of the accident, a question has been raised as to whether a warning might have been appropriate on that day. Therefore, we conclude that plaintiff has made out a proper case of defendant's negligence.

■■ In light of the foregoing discussion, we find that the trial court erred in granting defendant's motion for a directed verdict. Therefore, we reverse and remand this case to the trial court with instructions for a new trial.

Reversed and remanded.

LORENZ and MEJDA, JJ., concur.